[S. F. No. 3099.   Department Two.—January 27, 1903.]

## In the Matter of the Estate of MARY McKENNA, Deceased. PATRICK KEARNS et al., Appellants, v. JANE DALY, Executrix, Respondent.

CONTEST OF WILL—VERDICT UPON TWO ISSUES—ABSENCE OF FINDINGS
    —PREMATURE MOTION FOR NEW TRIAL.—Upon the contest of a will,
    where only two of the issues were submitted to a jury and passed
    upon by their verdict, it was the duty of the court to find upon
    the remaining issues not thus disposed of; where no such finding
    was made, there is no decision of the case, and proceedings for
    a new trial relating exclusively to the verdict of the jury were
    prematurely taken, and the motion was properly denied on that
    ground.

ID.—ABSENCE OF OTHER EVIDENCE.—The fact that no evidence was
    taken on issues other than those submitted to the jury cannot justify
    the premature motion for a new trial.  Evidence on the other issues
    was not for the jury, but for the court.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion.

William J. Herrin, for Appellants.

Gavin McNab, for Executrix, Respondent.

Frank J. Sullivan, E. H. Rixford, and E. Myron Wolf, for Legatees and Devisees.

SMITH, C.—Contest of will of deceased, after probate. The alleged will was olographic, and a portion of it, including the clause appointing the proponent executrix, follows the signature.

The grounds of contest set up in the petition of the contestants were in effect:  That the alleged will "was not signed at the end thereof or at all by" the deceased; that it "was neither written, dated, nor signed by [her] hand"; that it "was not, and is not, the last will and testament, . . . or a, or any, will or testament," of said deceased; that at the time

of the execution of the alleged will the deceased was mentally incompetent; and that the will was procured by undue influence.

The last two issues only were submitted to the jury, the forms of the issues and the findings of the jury thereon being as follows:

"[Title of Court and Cause.]

"Issue I. Was Mary McKenna of sound and disposing mind at the time of the execution of the will in contest?

"Answer—Yes.

"The Jury.

"By H. J. Burns, foreman."

"Issue II. Was Mary McKenna unduly influenced by Jane Daly and Thomas Daly, or either of them, or by any other person, in the execution of the will in contest?

"Answer—No.

"The Jury.

"By H. J. Burns, Foreman."

No finding, judgment, order, or other decision of the court appears in the record, or is referred to in the bill of· exceptions; and it is said by the appellants' counsel in his brief, and in effect admitted by counsel for respondent, that there is none. The motion for new trial, the statement and affidavits on which it was made, and the order denying the motion all relate exclusively to the verdict of the jury.

It is clear, therefore, that there has been no decision of the case, and that the proceedings for new trial were prematurely taken, and, on that ground, that the motion was rightly denied. (*Morris* v. *De Celis,* 41 Cal. 331; *De Gaze* v. *Lynch,* 42 Cal. 362; *Baker* v. *Borello,* 131 Cal. 617-618.) The verdict of the jury did not dispose of all the issues raised by the petition of the contestants; and it was therefore the duty of the court to find upon the issues not thus disposed of. (*Estate of Benton,* 131 Cal. 475; Code Civ. Proc., sec. 1329.) The objection of respondent that no evidence was introduced on the issues other than those submitted to the jury cannot avail her. Such evidence was not for the jury, but for the court.

We advise that the order denying the motion for new trial be affirmed, without costs, on the grounds stated above, and

that the cause be remanded for further proceedings, in ac-cordance with this opinion.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order denying the motion for new trial is affirmed, without costs, on the grounds stated above, and the cause remanded for further proceedings, in accordance with this opinion.

McFarland, J., Henshaw, J., Lorigan, J.