[Sac. No. 1110.   Department Two.—March 20, 1905.]

BANK OF VISALIA, Appellant, v. GEORGE T. SMITH, WUTCHUMNA WATER COMPANY, and W. M. CURTIS, Administrator of Estate of S. Z. Curtis, Deceased, Respondents.

MORTGAGE OF LAND AND WATER-DITCH—STOCK OF WATER COMPANY—INCLUSION NOT PRESUMED.—A mortgage of lands, and also of that "certain water-ditch which conveys water to said lands for farming purposes, known as the Curtis ditch, with all water-rights and privileges appurtenant to said ditch, or by means of which said ditch is supplied with water," cannot be presumed to include shares of stock owned by the mortgagor in a water company, in the absence of evidence that the water company owned the ditch or the water flowing therein, or the means by which the ditch was supplied with water. The form of the mortgage warrants an inference that the ditch was the property of the mortgagor under a title distinct from any claimed by the water company.

ID.—SHARES OF STOCK—PERSONAL PROPERTY—APPURTENANCE TO LAND—BURDEN OF PROOF—SUPPORT OF FINDING.—Shares of stock are personal property, transferable by indorsement and delivery of the certificate, and are not presumptively appurtenant to land. If the plaintiff would claim that the shares of stock in question represented water-rights or privileges which were appurtenant to the mortgaged ditch, or by means of which it is supplied with water, it was incum-

bent on the plaintiff to prove it; and in the absence of such evidence a finding that the shares of stock were not appurtenant to the land, nor included in the property mortgaged, is supported.

ID.—ACTION TO COMPEL TRANSFER OF STOCK—INADMISSIBLE EVIDENCE—TITLE UNDER FORECLOSURE.—In an action to compel a transfer of the shares of the stock of the water company to the plaintiff, the mortgage and judgment-roll in the action foreclosing it, and the conveyance thereunder, under which plaintiff claims title, were all properly excluded from evidence, it appearing that there was nothing in the mortgage, judgment, or conveyance containing any mention of shares of stock.

ID.—FINDING OUTSIDE OF ISSUES—ESTOPPEL—HEARSAY.—A finding in the foreclosure suit as to the use of water by virtue of the shares of stock upon which no issue was tendered, it being held in the conclusion of law that the shares of stock were not included in the mortgage, and the judgment of foreclosure being silent thereupon, cannot operate as an admission or estoppel, and has no greater dignity as evidence than hearsay, and was properly excluded from evidence in the present action.

APPEAL from an order of the Superior Court of Tulare County denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion.

Charles G. Lamberson, for Appellant.

Bradley & Farnsworth, for Respondents.

HARRISON, C.—July 13, 1894, S. Z. Curtis (since deceased) executed to the plaintiff a mortgage upon certain land in Tulare County, as security for the payment of a promissory note then executed by him to the plaintiff. The property covered by the mortgage is described therein as follows:—

"The south half of the southwest quarter of section 24; also all of section 23 and the west half of section 24; all in township 17 south, of range 25 east, M. D. M.

"Also that certain water-ditch which conveys water to said lands for farming purposes, known as the Curtis Ditch; with all the water-rights and privileges appurtenant to said ditch, or by means of which said ditch is supplied with water.

"Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, and the rents, issues and profits thereof."

Curtis died intestate April 4, 1896, without having paid the note, and the defendant W. M. Curtis was appointed the administrator of his estate. Thereafter, the plaintiff herein, in an action therefor, obtained judgment for the foreclosure of the mortgage, under which the mortgaged property was sold to R. E. Hyde, who subsequently conveyed it to the plaintiff. Curtis was at the time of executing the mortgage the owner of five shares of the capital stock of the defendant corporation, Wutchumna Water Company, which is still standing in his name on the books of the corporation, and the plaintiff seeks by this action a judgment declaring it to be the owner of these shares of stock, and directing the defendant W. M. Curtis to surrender the certificate therefor, and the defendant Smith, as the secretary of the corporation, to issue to it the certificate for the same, claiming that it acquired title thereto by virtue of the aforesaid mortgage and conveyance to it. The court found that the shares of stock were not included in the property mortgaged by Curtis to the plaintiff, and are not appurtenant to the land or other property mortgaged by him, and rendered judgment in favor of the defendants. From this judgment the plaintiff has appealed.

The shares of stock are not mentioned in the description of the property mortgaged, or in any of the proceedings for the foreclosure of that mortgage, or in the conveyance made upon the sale thereof, or in the conveyance to the plaintiff, but the plaintiff contends that they are appurtenant to the property mortgaged, and included in that portion thereof which specifies the Curtis ditch, under the clause "with all the water-rights and privileges appurtenant to said ditch, or by means of which said ditch is supplied with water." This description does not, however, mention the shares of stock, nor do its terms give rise to any presumption that they are appurtenant to the Curtis ditch, or that they represent any water-right or privilege, "by means of which said ditch is supplied with water." "A thing is deemed to be appurtenant to land when it is by right used with the land for its benefit." (Civ. Code, sec. 662.) Whether such appurtenance exists is a question of fact, to be determined upon extrinsic evidence, and the burden of establishing such fact is upon him who claims a right to the appurtenance. Shares of stock, as such, are not presumptively appurtenant to land, and if the plain-

tiff would claim that the shares of stock in question represent water-rights or privileges which are appurtenant to the Curtis ditch, or by means of which the ditch is supplied with water, it was incumbent upon it to introduce evidence of such fact. There is no presumption that the Curtis ditch is owned by the Wutchumna Water Company, or that the capital stock of that corporation, or any of its shares, bears any relation to that ditch, or to the means by which it is supplied with water. On the contrary, the fact that Curtis mortgaged the ditch to the plaintiff justifies an inference that it was his own property, under a title distinct from any claimed by the Wutchumna Water Company. The capital stock of this corporation represents the property owned by it, and in the absence of any evidence that it was the owner of the Curtis ditch, or of the water flowing therein, it must be held that the shares of its capital stock, owned by Curtis, was property distinct from that mortgaged by him to the plaintiff.

The superintendent testified before the superior court that prior to the construction of the Wutchumna water-ditch, Curtis and two others had constructed a ditch (of which he owned a one-half interest), sometimes called the Curtis, Lindsay, and Moffett ditch, and sometimes the Curtis ditch, extending from the St. John's River as far as to the Curtis ranch, and that the ranch was irrigated from the water flowing through this ditch; that the Wutchumna water-ditch was taken out of the Kaweah River, several miles above the head of this Curtis ditch, and that in constructing the Wutchumna ditch, when this ditch was reached, its channel was utilized for the Wutchumna ditch, so that for the distance of abount two and three-quarter miles from this point of intersection the water from the two ditches was intermingled, and carried along the same channel until the Curtis ranch was reached, and that the ranch was irrigated from the waters so carried along this ditch. There was no evidence, however, tending to show that any water-right or privilege was appurtenant to the Curtis ditch, or to the Wutchumna ditch, or was the means by which either of said ditches is supplied with water.

The plaintiff offered in evidence the mortgage from Curtis to it, and the judgment-roll in the action for its foreclosure, together with the conveyance made to it by virtue of the sale under that judgment, but as neither of these documents con-

tain any mention of the shares of stock, the evidence was properly excluded.

In the finding of fact contained in the judgment-roll of the foreclosure suit the court found the foregoing matters testified to by the superintendent, and also found that from 1892 to the time of his death in 1896 Curtis was owner of the five shares of stock and of the land described in the mortgage, and was entitled to such proportion of the water flowing in said ditch as that number of shares bore to the whole number of shares issued by the corporation, and that, with a slight exception, the water represented by and belonging to him by virtue of his ownership of said shares was used entirely upon the said land, and was conducted thereto from the ditch of the Wutchumna company through a ditch known as the Curtis ditch, and that during a portion of each year the water used upon said land had been supplied exclusively through these ditches by virtue of the ownership of said shares of stock; and the appellant urges that it thus appears that the water was appurtenant to the land, and that its right to the shares of stock is thereby shown. There was, however, no issue before the court in the foreclosure suit upon which it was authorized to find these facts, and in its conclusions of law it held that the said shares of stock were not included in the mortgage from Curtis to the plaintiff, and were not appurtenant to the mortgaged land. In the judgment which was rendered upon these findings no direction is given respecting these shares of stock, nor is any reference made to them therein. The finding being therefore irrelevant to any issues before the court in the present action, it was properly excluded.

A finding made by a court of a fact upon which there is no issue in the case before it, and which does not enter into or form the basis of the judgment rendered in the action, is not admissible in another action between the same parties as evidence of that fact, either as an admission or by way of estoppel. (*House* v. *Lockwood*, 137 N. Y. 259; Black on Judgments, sec. 619; Freeman on Judgments, sec. 251.) It is the judgment, and not the preliminary determination of the court or jury, which creates the estoppel. Only that which is the matter directly adjudged, or which appears upon the face of the judgment to have been so adjudged, is conclusive between the parties. (Code Civ. Proc., secs. 1908, 1911.) Such

finding outside of any issue in the case is only a declaration made by the judge who tried the former action of his opinion formed upon the evidence that he had heard (*Lillis* v. *Emigrant Ditch Co.*, 95 Cal. 553), and has no greater dignity as evidence than hearsay.

There was, moreover, no evidence before the court authorizing it to hold that the shares of stock in the corporation were appurtenant to the Curtis ranch. The record does not show the character of the corporation Wutchumna Water Company, nor of the purposes for which it was incorporated, nor is there any evidence of the terms upon which it acquired the right to make use of the Curtis ditch, or whether there is any relation between it and the Curtis ranch. Neither was it shown that there is any limitation upon the character of its capital stock, or any restriction upon the power of its stockholders to dispose of the same. The shares of its capital stock are declared by statute to be personal property, and in the absence of any restriction upon their alienability, either in its articles of incorporation or in its by-laws, they are transferable by the indorsement of the owner and delivery of the certificate. If it should be assumed that the corporation is the owner of the Wutchumna ditch, and also of the Curtis ditch, it does not follow that the shares of its capital stock held by Curtis were appurtenant to the Curtis ranch. There is nothing inconsistent between his being the owner of the stock and also having a right to receive water from the company by virtue of a contract independent of such ownership; and for all that appears in the record there may be other rights incident to the shares of stock than that of receiving water from the ditch. The stockholders of a corporation have no estate in the land or other property of the corporation, and the transfer by a stockholder of the stock owned by him, does not transfer any of the property of the corporation, or affect any right or obligation of the corporation in reference to the property held by it. Whether Curtis purchased the five shares owned by him in the open market, or accepted them in compensation for the right to use the Curtis ditch, is not shown. For all that appears in the record, the corporation may have been formed for the purpose of constructing the Wutchumna ditch and selling the waters therein for irrigating the lands along its course. Its stockholders may or may not be the owners of any

of those lands.    There was therefore no evidence before the court in support of the demand of the plaintiff.

Whether the plaintiff has the right to receive water from the Wutchumna company for the purpose of irrigating its land, either by virtue of contract or from previous use, or as an appurtenance to the land, or for any other reason, is a question which is not presented upon this appeal and is not determined.    All that is here decided is, that upon the evidence presented to the superior court the plaintiff failed to show that it is the owner of the shares of the capital stock of the Wutchumna Water Company held by Curtis in his lifetime, or entitled to a transfer of them to itself upon the books of the corporation.

The judgment and order denying a new trial should be affirmed.

Cooper, C., and Chipman, C., concurred.

For the foregoing reasons the judgment and order denying the new trial are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.