[Civ. No. 10201.   Second Appellate District, Division One.—March 5, 1935.]

ANNIE BLANCHARD, etc., Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

C. Ibeson Sweet for Petitioner.

Frank L. Guerena and Eugene P. Fay for Respondents.

THE COURT.—The question involved herein is whether the superior court should be directed to permit petitioner to amend her complaint in a certain action theretofore commenced by her, by including in such action as a party defendant the name of the liquidator of a corporation which

was one of the original defendants in the action thus commenced by the plaintiff.

It appears that the alleged cause of action was brought against nine separate defendants therein named, including a corporation which at that time was in process of liquidation. After the action had been commenced, the plaintiff presented to the liquidator of the corporation a claim against it which was identical with the cause of action embraced within the action in which the corporation theretofore had been made a party defendant;—which claim was by the liquidator rejected. Thereupon, by means of a motion presented to the superior court in said action the plaintiff sought leave to make the liquidator a party defendant therein, which motion was by the court denied, assumedly on the ground that the proper relief afforded the plaintiff was by means of a proceeding in the matter of the liquidation of the corporation.

It is evident that, in view of the fact that eight other persons were individual defendants in the action theretofore brought by the plaintiff, if in addition to her said action to recover a judgment against each of said defendants the plaintiff must prosecute a second action to recover against the corporation defendant or its liquidator, then the plaintiff would be obliged to try her cause twice; whereas if the liquidator should be included as a party defendant in such action but one trial thereof would be necessary.

The situation here presented is analogous to one in which a receiver has been appointed. In the case of *De Forrest* v. *Coffey*, 154 Cal. 444 [98 Pac. 27], wherein it appeared that a creditor of an insolvent bank had been denied leave to file an independent action against the receiver of the bank, it was held: ''When the court cannot afford the same relief in intervention as a claimant would be entitled to in an independent action, . . . the court should grant leave to bring it, and it would be an abuse of discretion not to do so.'' And the ruling there made was affirmed in the later case of *Auzerias* v. *Coffey*, 155 Cal. 102 [99 Pac. 1134].

In the instant circumstances, aside from the possible application of the rule that relates to the avoidance of a multiplicity of actions, it is obvious that in the interest of the efficient administration of justice and the dispatch of the business of the court the motion of the plaintiff should have been granted.

The superior court is directed to set aside its order by which the plaintiff was denied the right to make the liquidator a party to the action theretofore commenced by the plaintiff, and instead of its said original order, to enter its other order therein by which the plaintiff may be granted leave to make E. Forest Mitchell, as such liquidator, a party to said action.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1935.