[Civ. No. 14802. Second Dist., Div. Two. July 20, 1945.]

JOHN X. LOUGHRAN, Appellant, v. JAMES G. REYNOLDS, Respondent.

Abraham Setzer, O. T. Gilbank and N. E. Youngblood for Appellant.

Stanley M. Arndt and Wood, Crump, Rogers & Arndt for Respondent.

WOOD (W. J.), J.—In this action, commenced November 13, 1940, appellant named as defendants James E. Reynolds, Anna F. Reynolds and 20th Century Health Institute, a corporation. The action was dismissed as to defendant Anna F. Reynolds. It was also dismissed as to the corporation on August 24, 1942, by order of the court, because of the discharge of the corporation in bankruptcy.

Appellant sought to recover the sum of $1,800 alleged to be due him as accrued salary under the terms of a written contract which he had entered into with the defendant corporation; also the sum of $39,264 for his alleged wrongful discharge and prevention of the performance of the contract. In separate counts appellant sought judgment for $168, but these

counts are of no significance in this appeal. The trial court rendered judgment in favor of James E. Reynolds, respondent herein, after it had sustained a demurrer to appellant's first amended complaint without leave to amend. An appeal was taken by appellant and the judgment was reversed, the reviewing court holding that appellant's complaint stated a cause of action as against the individual defendant because of the allegations of "his operations through the agency of a corporation as his *alter ego.*" (*Loughran* v. *Reynolds,* 53 Cal. App.2d 250 [127 P.2d 586].)

A voluntary petition in bankruptcy was filed in the United States District Court by defendant corporation on May 13, 1941. The corporation was thereupon adjudicated a bankrupt. Appellant filed a verified claim in the bankruptcy court against the bankrupt corporation upon the identical causes of action upon which he had sued the corporation and respondent herein. The trustee in bankruptcy and various creditors, including respondent herein, filed objections to the claim. Several hearings on the merits were held by the referee in bankruptcy, who found against appellant on the issues involved and particularly that there had been no anticipatory or other breach by the corporation but that appellant had himself breached the contract. He allowed the claim for $600 for services which had been rendered up to the time of the breach of the contract by appellant and also the sum of $168 above referred to. The order of the referee was affirmed by the United States District Court on September 1, 1943, and has become final.

The judgment of the bankruptcy court was pleaded by respondent as a bar to the present action and the issue thus presented was brought on for trial in the superior court in accordance with the provisions of section 597 of the Code of Civil Procedure. At the trial counsel for appellant stated: "We are attempting to hold Reynolds personally upon the theory and doctrine that he in fact was the *alter ego* of the corporation." The superior court rendered judgment on February 18, 1944, upholding the defense of res judicata and holding that the judgments and orders of the bankruptcy court were binding as between appellant and the corporation and as between appellant and respondent James E. Reynolds. The court further held that the question whether the corporation was the *alter ego* of respondent Reynolds was still open and to be determined in further proceedings, but that there

could be no recovery against respondent in any sum greater than that allowed by the bankruptcy court. It is from this judgment that the appeal herein is being prosecuted.

Appellant's main contention is that the judgment of the bankruptcy court is not binding on him because, as claimed, respondent was not a party to the bankruptcy proceedings and that there was no mutuality of the parties. Respondent stoutly asserts that because of the active participation of the parties in the proceedings pending in the bankruptcy court there was in fact mutuality and privity. But he also correctly argues that mutuality is not necessary in all cases in order to make the plea of res judicata available.

The decision in *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892], clarified the law in California and thoroughly established the rule that it is not necessary to show that the party *asserting* the plea of res judicata was a party to the earlier litigation. A plea of res judicata may not be asserted *against* a party unless he was bound by the earlier litigation in which the matter was decided. It is not necessary to establish mutuality and privity where the liability of the party asserting the plea of res judicata is dependent upon or derived from the liability of one who was exonerated in an earlier action brought by the same plaintiff upon the same facts. (*Triano* v. *F. E. Booth & Co., Inc.,* 120 Cal.App. 345 [8 P.2d 174] ; *C. H. Duell, Inc.* v. *Metro-Goldwyn-Mayer Corporation,* 128 Cal.App. 376 [17 P.2d 781] ; *Perna* v. *Bank of America,* 28 Cal.App.2d 372 [82 P.2d 605].) A common application of the rule is to be found in cases growing out of automobile collisions, where it has been held that if the driver of a vehicle is sued and is exonerated by a judgment on the merits the judgment in his favor bars a similar action against the employer of the driver by the same plaintiff who sues upon the same set of facts. (*Shippy* v. *Peninsula Rapid Transit Co.,* 97 Cal.App. 367 [275 P. 515].) The decisions in such cases are founded upon allegations of agency. In the case now before us appellant alleges that respondent operated "through the agency of a corporation as his *alter ego.*" Although this allegation is yet to be passed upon by the trial court, the issues concerning the breach of the contract, identical in the bankruptcy court and in the superior court, have been decided by the bankruptcy court. As to those issues there has been a judgment on the merits. The party against whom the plea of res judicata is asserted was a party to the prior adjudication

and the judgment therein has become final. The trial court ruled correctly in sustaining the plea.

■ Appellant complains that the referee in bankruptcy refused to rule that respondent was the *alter ego* of the corporation and also refused to bring into the bankruptcy proceedings the personal assets of respondent. This court, of course, does not review the proceedings of the bankruptcy court. The referee's duties concerned the affairs of the bankrupt corporation. He was justified in leaving the question of the alleged liability of respondent, under the doctrine of *alter ego,* to the state courts. That question, being still open, may be pursued to final judgment in the present litigation.

■ Appellant is not prejudiced by the fact that respondent in his answer denies that he is the *alter ego* of the corporation and at the same time claims the benefit of the adjudication of the bankruptcy court limiting the liability of the corporation. There is no inconsistency in these defenses. Respondent is not compelled to forego his claim that he is not the *alter ego* of the corporation in order to assert that if this issue be decided against him he is not liable for any greater sum than that specified in the judgment of the bankruptcy court.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 17, 1945.