[Civ. No. 9221.   Third Dist.   Dec. 4, 1957.]

MANUEL E. GONZALES et al., Plaintiffs and Appellants, v. BERNARD ARBELBIDE, Respondent; MARTIN ERRECA et al., Interveners and Appellants.

Chas. L. Gilmore for Plaintiffs and Appellants.

George G. Murry for Interveners and Appellants.

D. Oliver Germino for Respondent.

WARNE, J. pro tem.*—Plaintiffs and the plaintiffs in intervention separately appeal from the judgment adjudicating their rights to the use of the water of Los Banos Creek to which their lands are riparian.

In 1955 defendant Arbelbide, who owned riparian land upstream from that of the plaintiffs and that of the interveners, commenced pumping water from Los Banos Creek for irrigation purposes. Plaintiffs brought this action to enjoin defendant from so doing. They alleged that their lands were traversed by the creek and that for 50 years last past they had diverted water therefrom for irrigation under an open and notorious claim of right. The interveners, who own riparian lands immediately to the south of and adjacent to plaintiffs, contend that plaintiffs' complaint was based on a claimed prescriptive right, and that therefore the trial court was without the issues in finding that they had certain riparian rights. The interveners, by their complaint in intervention, alleged a riparian right to the use of the creek waters for irrigation and for watering stock. Los Banos Creek flows in a general easterly direction. Defendant, in his answer, alleged that he was the owner of 7,000 acres of land riparian to Los Banos Creek and that "during a heavy rain season" he used the waters collected within the creek for irrigation and for watering stock. Plaintiffs maintain that since defendant did not describe his property, the court went without the

---

*Assigned by Chairman of Judicial Council.

issues in finding that 60 acres of specifically described property were riparian and in awarding defendant three-eighths of the normal flow of the creek without restricting it to the "heavy rain season."

The plaintiffs alleged that their respective lands constituted single tracts which had been granted to their predecessors in interest by patents issued by the United States Government. The trial court so found. It also found that the Gonzales lands were traversed for a distance of 5,600 feet by the north fork of Los Banos Creek; that their land and the Angoustures, Corotto and Simon lands were traversed for a distance of one mile by said creek; and that only 60 acres of Gonzales's lands and only 40 acres of the other plaintiffs' lands were riparian to the creek, although it appears that the Gonzales lands traversed by the creek and riparian thereto exceed 60 acres, and that the lands owned by the other plaintiffs traversed by the creek and riparian thereto exceed 40 acres.

We agree with plaintiffs that their riparian rights attached to the entire tract included in the original grant if all of said lands lie within the watershed of Los Banos Creek, or if not, then that part of the lands which are within the watershed and riparian to the stream.

As stated in *Rancho Santa Margarita* v. *Vail*, 11 Cal. 2d 501, 528 [81 P.2d 533] : "It is well settled that the extent of lands having riparian status is determined by three criteria : 1. The lands in question must be contiguous to or about on the stream, except in certain cases not now involved. . . . 2. The riparian right extends only to the smallest tract held under one title in the chain of title leading to the present owner. (*Boehmer* v. *Big Rock Irr. Dist.*, 117 Cal. 19 [48 P. 908].) . . . 3. The land, in order to be riparian, must be within the watershed of the stream. (*Anaheim Union Water Co.* v. *Fuller*, 150 Cal. 327 [88 P. 978, 11 L.R.A.N.S. 1062].)"

All of these requirements are present in the instant case, that is, all the lands are contiguous to the stream, the lands of each of the plaintiffs are held under one title in the chain of title leading to the present owner, and the lands lie within the watersheds of the stream. "To curtail the right by the fixation of rigid and inelastic boundaries is to destroy the right altogether, for in such case it would become a mere right or priority, or, in other words, it would be tantamount to the substitution of the doctrine of appropriation for the doctrine of riparian rights." (*Fall River Valley Irr. Dist.* v. *Mt. Shasta Power Corp.*, 202 Cal. 56, 65 [259 P. 444, 56 A.L.R.

264].)  Further, as stated in *Martin* v. *Western States Gas & Electric Co.*, 8 Cal.App.2d 226, 230 [47 P.2d 522, 524] :

". . . It is the established law of this state that the riparian rights of an owner of real property to the use and benefit thereof are an inherent part of the land, . . . (*Fall River Valley Irr. Dist.* v. *Mt. Shasta Power Corp.*, 202 Cal. 56, 65 [259 P. 444, 56 A.L.R. 264].)  In the last case cited it is said in that regard:

" 'We, therefore, here, reassert the riparian right to be a vested property right inhering in and a part and parcel of the abutting lands—a right not gained by use or lost by disuse.' "

However, the trial court, in apportioning the waters of the creek, may properly take into consideration what parts of plaintiffs' lands, if any, are not susceptible to a beneficial use of the water.

Plaintiffs in intervention claim ownership of six parcels of land and allege that said lands are traversed for a great distance by Los Banos Creek and that they have used the water for domestic and stock raising purposes.  They denied on information and belief that any of the plaintiffs had any rights to the water claimed in their complaint.  No specific amount of water was claimed in their complaint in intervention.  They further allege that plaintiffs and the defendant Arbelbide were taking the entire flow of Los Banos Creek, and that that would result in injury and damage to the lands of plaintiffs in intervention for the raising of livestock and other farm uses.

The trial court found that the lands of plaintiffs and the lands of the plaintiffs in intervention are riparian to every channel of Los Banos Creek.  However, the judgment is silent as to the riparian character of the lands of plaintiffs in intervention.

The judgment, after decreeing the riparian rights of the plaintiffs and defendant to the use of the waters of Los Banos Creek, provides: "That all of the foregoing rights to the waters of said creek for irrigation purposes are subordinate to the right of Plaintiffs in Intervention . . . for the use of water for the maintenance of eight hundred (800) head of cattle pastured on their lands. . . ."  The lands were adjudged to contain 4,048.10 acres.  Since the judgment is based on riparian rights, we feel that the trial court erred in finding and also decreeing that plaintiffs in intervention had a prior and paramount right to the use of the water for the watering

of 800 head of cattle although it limited the use to the grazing season from March to November of each year.

We do not believe that the plaintiffs in intervention "are entitled to the use of the stream to water their commercial herds before the defendants may take water for irrigation, and we doubt that any authority could be found which favors, as between these two uses, one of them over the other. We are of the opinion that it is unnecessary to do so under the circumstances of this case and that here we may be guided by the general principle that each of the riparian owners on the stream is entitled to exercise his usufructuary right in the waters of the stream in common with all of the other riparian owners so as to make the most beneficial use of his land, limited only by what is reasonable, having due regard to the common right of the other riparian owners. Under the circumstances of this case it must therefore necessarily be concluded that the plaintiffs and the defendants [and in the instant case the plaintiffs in intervention] are all entitled to a reasonable use of the waters of the stream for irrigation and for the raising of stock for commercial purposes." (*Cowell* v. *Armstrong*, 210 Cal. 218, 226 [290 P. 1036].) The trial court should have apportioned the waters accordingly, and we feel that the failure to do so constituted prejudicial error.

We also feel that there should have been a determination of the quantity of water that the plaintiffs in intervention are entitled to receive for the watering of said 800 head of cattle. To merely find that they are entitled to use of the water of the creek to water 800 head of cattle is too indefinite and uncertain as to amount.

As to the defendant Arbelbide, we do not consider it necessary to discuss the contentions made by plaintiffs since the judgment must be reversed for reasons heretofore stated. However, if defendant claims a riparian right to the use of any of the waters of said creek as distinguished from a claim to use only the waters that flow in said creek during a "heavy rain season," defendant should amend his answer so as to clearly set forth the riparian character of his land, the quantity of water or proportion of the stream to which he claims to be entitled as a riparian owner, and the location of his lands with respect to the lands of the other litigants. In other words, he should comply with the rules stated in *Hudson* v. *West*, 47 Cal.2d 823, 828-829 [306 P.2d 807]. Also in view of the contention made by the plaintiffs in intervention, that plaintiffs' complaint is based on a claimed prescriptive right

rather than a riparian right, we feel that plaintiffs should likewise amend their complaint.

We will now turn to the appeal by plaintiffs in intervention.

Plaintiffs in intervention contend that the trial court erred in granting the plaintiffs the right to file a supplemental complaint claiming damages for an alleged trespass on their property.

Plaintiffs commenced this action to establish and protect certain rights to the use of the water of Los Banos Creek with which they claimed defendant was interfering. The defendant answered, denied interference with plaintiffs' alleged rights, alleged certain rights to the use of the water flowing in said creek and prayed that his right to the use of said water also be protected. Likewise, plaintiffs in intervention also alleged that they had certain riparian rights to the use of the waters in Los Banos Creek; that any adjudication of the extent of the rights of either plaintiffs or defendant would interfere with their rights and asked for extra protection. The pleadings, as originally framed, referred only to the respective litigants' rights to the use of the water in said creek. No other issues were involved. However, more than one year after the filing of the original complaint, the plaintiffs were, over the objections of the plaintiffs in intervention, permitted to file a supplemental complaint wherein they sought damages and extra relief for a trespass alleged to have taken place on their property on or about the 12th day of March, 1956, by the defendant and plaintiffs in intervention. The complaint in intervention does not allege that the trespass interfered with or related in any way to the use of the water in Los Banos Creek as set forth in the original complaint. It appears from the findings and the judgment that the real issue presented by the supplemental complaint resolved itself into a dispute as to the location of the boundary line between the properties of the plaintiffs and the plaintiffs in intervention and the maintenance of a fence thereon.

Since the supplemental complaint did not state any matter in furtherance of and consistent with the original action, we conclude that the trial court erred in permitting it to be filed.

As stated by this court in *Erickson* v. *Boothe,* 127 Cal. App.2d 644 [274 P.2d 460]), ''the office of a supplemental complaint is to bring to the notice of the court and opposing party 'facts material to the cases occurring after the former complaint ...' (Code Civ. Proc., § 464), which would affect the rights asserted and the judgment to be rendered.'' Also, it

must be in furtherance and consistent with the original action. (*Stephani* v. *Abbott*, 137 Cal.App. 510, 516 [30 P.2d 1033].) "Such a right," the court said in the early case of *Gleason* v. *Gleason*, 54 Cal. 135, "can be exercised only with reference to matter which may be consistent with, and in aid of the case made by the original complaint, and which occurred between the time of filing the original complaint and the trial or judgment in the action." (See also *Imperial Land Co.* v. *Imperial Irr. Dist.*, 173 Cal. 668 [161 P. 116] and 21 Cal. Jur. 172.)

What we have already said in respect to the points raised by plaintiffs in their appeal is sufficient to answer the remaining contentions made by plaintiffs in intervention. No other points require discussion.

The judgment is reversed. Plaintiffs, plaintiffs in intervention and the defendant each to pay one-third of the costs on appeal.

Peek, Acting P. J., and Schottky, J., concurred.