[Civ. No. 7041. Fourth Dist. Feb. 20, 1963.]

ROY MAYS, Plaintiff and Appellant, v. DISNEYLAND, INC., Defendant and Respondent.

Erb, Picone & Calaway and Robert J. Wise for Plaintiff and Appellant.

W. Mike McCray for Defendant and Respondent.

MONROE, J. pro tem.*—The plaintiff and appellant brought this action to recover damages for personal injuries alleged to have been suffered by him as the proximate result of a slip and fall on property known as Disneyland Park in Orange County in November 1955. Plaintiff alleged that he

*Assigned by Chairman of Judicial Council.

was on the property as a business invitee and that the defendant had negligently permitted "debris and foreign matter" to remain upon the surface of the premises, causing him to slip and fall. The defendant, Disneyland, Inc., in its answer denied generally the allegations of the complaint.

At the trial the parties stipulated that the matter first be tried with reference to liability and that the issue of damages be thereafter determined, in case liability was established. Accordingly, a jury was empanelled and evidence produced by both parties. The defendant moved for a nonsuit and later moved for a directed verdict, both of which motions were denied. The defendant also asked to be relieved from what was claimed to be an inadvertent admission at the pretrial hearing with reference to the status of the plaintiff upon the premises, which motion was likewise denied.

The case was presented to the jury upon the issue of liability and the jury returned a verdict to the effect that defendant was liable. Thereafter a motion for new trial was filed by the defendant and was granted. The plaintiff has appealed. It is asserted by the plaintiff and appellant that the evidence was sufficient to support the verdict. It is also claimed that the defendant did not comply with the established procedure relative to motion for new trial and finally, that the motion for new trial was premature and that the court was without power to grant the same.

It becomes necessary to determine but one question upon this appeal. The parties having stipulated that the issues as to liability and as to damage be separately tried and determined, the trial was not completed until there had been a determination of both issues.

The appellant relies largely upon *City of Los Angeles* v. *Cole*, 28 Cal.2d 509 [170 P.2d 928]. This was an action in eminent domain and there was first submitted to the jury, pursuant to the stipulation of the parties, the issue of market value. After a verdict upon that issue a motion for new trial was granted. The contention was made that the amendment of section 659, Code of Civil Procedure, in 1923 was intended to change the rule theretofore existing that a motion for new trial did not lie until all issues were determined. The court held to the contrary. It was held that the trial court had no power at that stage of the proceeding to consider or grant a motion for new trial and that any such proceedings were a nullity. See also *Middleton* v. *Finney*, 214 Cal. 523 [6 P.2d 938, 78 A.L.R. 1104]; *Fong Chuck* v. *Chin Po Foon*, 29

Cal.2d 552 [176 P.2d 705]; *Gollard* v. *Bayless,* 174 Cal.App. 2d 827 [345 P.2d 299]. The Supreme Court of California has more recently examined the question in detail in *Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 458, 460 [20 Cal. Rptr. 321, 369 P.2d 937]. The court in that opinion has exhaustively reviewed the prior California decisions and has adhered to the rule that until there be a decision of all the issues involved the court may not grant a new trial. Among other things the court said,

"The concept of prematurity as applied to new trial proceedings is based on two major concepts—one is that to vest the trial court with the jurisdiction to pass on a motion for a new trial a timely notice must be made. [Citation.] The other is that the motion cannot be made until there is a decision. in the case. The statutory scheme on new trials makes it quite evident that a new trial is not proper until the action has been prosecuted to a point where it can be said to be complete."

". . . . . . . . . . . . . .

"Finally there are several cases where the parties have stipulated to submitting only some of the issues to the jury. Of course a notice filed after the jury verdict as to these, and before the court's determination of the other issues in the case, is 'premature.' There is no decision in the case until all of the issues are determined."

From the foregoing it is apparent that the established law in California is that a motion for a new trial may not be granted until all the issues have been decided. It must be held, therefore, that the court erred in granting the motion and that the judgment and order must be reversed. It becomes unnecessary therefore to determine any other issues raised by the appellant. But because the jury was discharged there must be a new trial in any event.

This case illustrates the fact that often the separation of the issues and the trial of the case piecemeal fails to accomplish anything but confusion. ▮▮▮ Attention is called to the claim made by the defendant that at the pretrial, as a result of inadvertence, there was incorporated in the pretrial order a statement that the plaintiff was upon the premises as a business invitee. It is entirely proper that before the new trial there be further pretrial proceedings to determine whether the issue of the plaintiff's status on the property should be one of the issues to be litigated. It is carefully

provided in the rules for pretrial that the pretrial order may in proper cases be modified or corrected. The purpose of the pretrial is to expedite the proceedings and to facilitate the correct determination of the issues. The pretrial proceeding should not become a trap for the unwary.

The order appealed from is reversed and the case remanded for a new trial.

Griffin, P. J., and Coughlin, J., concurred.