[Civ. No. 27944.   Second Dist., Div. Three.   Nov. 19, 1965.]

ROSEMARY PASTOR, Plaintiff and Appellant, v. GEORGE YOUNIS et al., Defendants and Respondents.

John N. Frolich for Plaintiff and Appellant.

Harold Lee Henrikson for Defendants and Respondents.

SHINN, P. J.—The appeal is by Rosemary Pastor who purchased a half interest in a hotel and sues for damages for fraud, for an injunction against the sale of the property under a purchase money trust deed, for reformation of the same and for general equitable relief. The appeal is on a clerk's transcript. The complaint was in five causes of action.

The first cause of action alleged that defendants George and Virginia Younis owned the property; they represented to plaintiff that the reasonable value of the property was $114,000 and the value above the amount of the first trust deed of $87,000 was $32,000; the hotel business had outstanding unsecured indebtedness of $11,000; plaintiff's investment would be made secure if title were placed in herself and George Younis and they would execute a second trust deed to Virginia, which would be assigned to creditors to secure $11,000; for tax purposes the note and trust deed should be for $93,775.52, payable at $550 per month, and that when the payments of principal amounted to $11,000 the lien of the trust deed would be released; Virginia quitclaimed her interest to George, and that plaintiff, being inexperienced in tax matters and having confidence in defendants Younis, and in reliance upon their representations, accepted a deed and executed, jointly with George, the note and trust deed, and paid $10,349.42 in cash; shortly thereafter plaintiff was notified that the monthly payments should be made proportionately to defendants London, Roberts, Buchterkirchen, Stevens, Gilbert and their respective wives and to Virginia Younis and Esther Sargent and that the debt was $93,775.52; said defendants are claiming that the trust deed is security for the unpaid balance of that amount. This cause of action sought reformation of the trust deed reducing the lien to $11,000.

The second cause of action alleged the terms of the purchase, that George and Virginia Younis agreed that if the hotel was operated for the first year at a loss George Younis would pay plaintiff one-half of her cash payment of $10,349.42 or deed to her a half interest in the property, which they failed to do. Damages were alleged in the sums of $5,174.71 and $17,000 for breach of the agreement.

The third cause of action alleged the purchase of a half interest in the property by plaintiff and repeated the fraudulent representations by defendants Younis; Virginia assigned interests in the note and trust deed as follows: To defendants Buchterkirchen and wife, one-eighth, Esther Sargent, one-eighth, Stevens and wife, one-eighth, Gilbert and wife, one-

eighth, London and wife, one-fourth, and Roberts and wife, one-fourth; the assignees paid no consideration for their interests and "knew or should have known" that the trust deed was only security for $11,000; George Younis quitclaimed his interest in the property without consideration to Fred Shimer, who brought suit against plaintiff for declaratory relief, an accounting and in unlawful detainer; the assignees of interests demanded that payments be made to them and claimed the trust deed was security for $93,775.52; George Younis repeated his false representations, assured plaintiff that the demands of the assignees were merely a matter of form, and in reliance upon said representations plaintiff paid on the note $3,190; payments fell in arrears and the assignees caused notice of default and notice of sale to be given and are about to cause a sale for the unpaid balance of the note amounting to $93,760.46. It was alleged that all the aforesaid claims and actions of the defendants were pursuant to a conspiracy to cheat and defraud plaintiff. Damages of $5,174.71 and $17,000 were sought, and also $75,000 as punitive damages.

The fourth cause of action realleged the purchase of a half interest in the property, the fraudulent representations of defendants Younis and their agreement to partially reimburse plaintiff as alleged in the second cause of action; damages of $5,174.71 were alleged for breach of the agreement.

The fifth cause of action realleged the false representations of defendants Younis, alleged the payments made by plaintiff, the credits given by defendants for interest, and claimed the defendant payees had collected usurious interest upon a debt of $11,000.

The answer of defendant assignees alleged that the property was also encumbered by five subordinate trust deeds securing an indebtedness of $18,500, the assignments were executed to secure said sum and an additional $21,500 loaned to Virginia Younis, and that the assignees were holders in due course of the note and trust deed to secure a debt of $40,000.

The pretrial order stated that the issues were those made by the pleadings and that plaintiff admitted that the second, fourth and fifth causes of action involved only George and Virginia Younis.

The third cause of action was dismissed as to all defendants except George Younis, Sidney Roberts and Fred Shimer.

This cause of action (for conspiracy) was submitted to a jury for a general verdict and the fourth cause of action for an advisory verdict. A general verdict was rendered against these defendants for $14,000, compensatory, and $15,000, punitive damages, and judgment on the verdict was entered. The advisory verdict on the fourth cause of action was against defendants Younis for $5,174.71 and further consideration by the court was reserved.

George Younis and Roberts moved for judgment notwithstanding the verdict on the third cause of action and for a new trial; George and Virginia Younis made like motions on the fourth cause of action. The motions for new trial were granted and the other motions went off calendar. Plaintiff did not attempt to appeal from the order granting a new trial. George Younis, Roberts or Shimer did not attempt to appeal from the judgment on the verdict.

We pause for a look at the status of the case after the judgment on the verdict was entered. The verdict determined that George Younis was guilty of the original fraud and that he, Roberts and Shimer were guilty of conspiracy through false and fraudulent demands under the trust deed. The verdict implied that Shimer had acquired his title and that Roberts had acquired his interest in the note and trust deed with actual or imputed knowledge of the fraud of Younis. The pivotal question was whether defendants Younis had committed a fraud, which was the basis of the claim for damages against them and the foundation of the claims against George Younis, Roberts and Shimer for damages, for conspiracy and the claim of plaintiff that the assignees were secured only to the amount of $11,000.

It will be developed that this style of pleading which intermingled legal and equitable issues in a single cause of action resulted in confusion in the trial procedure.

The complaint contains 49 separately numbered paragraphs. In addition, the causes of action, after the first, refer to and incorporate groups of paragraphs contained in preceding causes of action. The findings follow the same pattern. There are 16 numbered paragraphs of findings; these incorporate by reference groups of paragraphs of the complaint and groups of other findings identified by numbers. Including duplications, the court made 82 findings. This inexpert and bewildering method of drafting findings is an inexcusable imposition upon an overburdened trial court. To check them for complete accuracy would require hours of the court's time.

Our concern, of course, is only with the findings which determine the issues that support the conclusions and judgment. These issues are four in number, namely: (1) Did defendants Younis or either of them falsely represent that the trust deed would stand as security for only $11,000? (2) Did they or either of them agree to pay plaintiff half of her cash payment or deed her a half interest in the property if the hotel was operated at a loss the first year? (3) If so, was the hotel operated at a loss? (4) Did the assignees of interests in the note and trust deed acquire their interests in due course and, if so, what were those interests? Adequate findings could have been written on one page.

The court proceeded with the trial and made findings upon causes of action one, two, four and five. On the first cause of action the court found that plaintiff was an artful, cunning woman capable of fending for herself in business transactions; defendants Younis made no false representation to plaintiff concerning the note and trust deed; they were executed in accordance with the intentions of the parties; the several assignees of interests in the note and trust deed were holders in due course of their respective interests as security for $40,000 and there was no fraud or duress in the transactions.

Upon the second cause of action the court found that George Younis agreed to reimburse plaintiff for half of her payment of $10,349.42 if the hotel should be operated at a loss the first year but that plaintiff and George Younis were partners in the operation and no full accounting had been made. For this reason recovery on the second cause of action was denied. Plaintiff does not complain of this feature of the judgment.

The findings on the fourth cause of action repeated the findings on the first cause of action, namely, there was no fraud upon the part of defendants Younis; the assignees held valid interests in the note and trust deed as security for $40,000, and the court also found that none of the defendants, including George Younis, was guilty of conspiracy to deceive or defraud plaintiff and that plaintiff suffered no damage. The findings on the fifth cause of action were that there was no fraud in the transactions and no collection of usurious interest.

The court judgment which denied plaintiff any recovery was, of course, in direct conflict with the verdict and judgment against George Younis, Roberts and Shimer. Having

granted a new trial on the third cause of action the court, in rendering its judgment, did not order or enter another judgment on the verdict. Thereafter George Younis, Roberts or Shimer did not move for a judgment notwithstanding the verdict or for a new trial.

The principal ground of appeal is that the order granting a new trial after the judgment on the verdict was in excess of the court's jurisdiction and void. The contention must be sustained.

It is well established that there can be but one judgment in an action as between the same parties and that is a judgment which determines all matters in controversy between them in the action. (*Stockton etc. Works* v. *American Fire Ins. Co.*, 98 Cal. 557, 577 [33 P. 633] ; *Nolan* v. *Smith*, 137 Cal. 360, 362 [70 P. 166] ; *Bank of America* v. *Superior Court*, 20 Cal.2d 697, 701 [128 P.2d 357] ; *Nicholson* v. *Henderson*, 25 Cal.2d 375, 379 [153 P.2d 945].)

Needless to say, the present case of conflicting judgments is one in which the rule must be applied and the premature judgment on the verdict and new trial proceedings be declared void.

The judgment on the verdict being void, there remains no judgment on the verdict; the motions for new trial were premature, and of no validity. (*Estate of McKenna,* 138 Cal. 439 [71 P. 501] ; *Barnes* v. *Foley,* 189 Cal. 226 [207 P. 885] ; *Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 460 [20 Cal.Rptr. 321, 369 P.2d 937].) The verdict on the third cause of action remains in full force and effect. When the court entered its judgment at the conclusion of the trial it should have provided, in part, that plaintiff have judgment in accordance with the verdict.

The remaining ground of appeal is the contention that the court erred in declaring that upon foreclosure of the trust deed the beneficiaries may add to the obligation any amount not exceeding $8,250 as attorneys' fees for legal services rendered in the present action. Plaintiff says there was no agreement for attorneys' fees, none were sought and the issue was not tried. The record is to the contrary. Defendants pleaded a provision of the trust deed which permits the beneficiaries to add to the obligation, costs, expenses and attorneys' fees in any action or proceeding in which they may be compelled to appear and defend their security; and they alleged on information and belief that they had incurred liability for attorneys' fees in the amount of $5,000,

The clerk's minutes recite that there was evidence "re attorneys fees." The judgment is not erroneous in this respect. Other points urged by appellant have no merit and do not call for particular discussion.

The judgment is reversed and the court is directed to vacate its judgment and enter a new judgment based upon the verdict: (1) that plaintiff recover from George Younis, Sidney Roberts and Fred Shimer $14,000 as compensatory damages and $15,000 as punitive damages; (2) that the note and trust deed for $93,775.52 executed by George Younis and plaintiff are valid and not subject to reformation; (3) that beneficial interests in the same are held by Alfred London and Adelaide London, husband and wife as joint tenants, Sidney Roberts and Pauline Roberts, husband and wife, as joint tenants, Emmett B. Buchterkirchen and Florence D. Buchterkirchen, husband and wife, as joint tenants, Brandon L. Stevens and Marion I. Stevens, husband and wife, as joint tenants, Esther Sargent, LaRoy Gilbert and Blanche Gilbert, husband and wife, as joint tenants, as collateral security only for the payment of the unpaid balance of $40,000; that said trust deed may be foreclosed in accordance with its terms and that a sum not to exceed $8,250 may be included in the obligation as attorneys' fees; (5) that the respective defendants have judgment for their costs; (6) that except as otherwise provided plaintiff recover nothing on her complaint.

The judgment ordered to be entered by this opinion will be the first valid judgment in the case. All parties affected thereby will be entitled to move for a new trial, George Younis, Sidney Roberts and Fred Shimer will also be entitled to move for a judgment notwithstanding the verdict and all aggrieved parties may appeal.

The judgment is reversed. Pastor shall receive costs of appeal.

Ford, J., and Kaus, J., concurred.

The petitions for a rehearing were denied December 17, 1965, and respondents' petition for a hearing by the Supreme Court was denied January 12, 1966.