[Civ. No. 809. Fifth Dist. June 29, 1967.]

LOUIE QUERIOLO TRUCKING, INC., Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY, Respondent; TUMBLIN COMPANY et al., Real Parties in Interest.

Long & Levit and Irving L. Halpern for Petitioner.

No appearance for Respondent.

King, Eyherabide, Cooney & Owen, Robert E. King and Henry F. Walker for Real Parties in Interest.

CONLEY, P. J.—The petitioner, Louie Queriolo Trucking, Inc., is a corporation plaintiff in an action pending in the Superior Court of Kern County and numbered therein 95463. The suit is against Tumblin Company, a copartnership, and C. R. Tumblin, Wilbur Rickett and J. C. Reaves, Jr., its alleged members, arising from an automobile accident in which a Kenworth tractor with a utility semi-trailer attached and loaded with a cargo of canned goods, driven by an employee of the Louie Queriolo Trucking company, named Douglas Hoeye, was caused to fall into an excavation made in Highway 99 by the Tumblin Company. It is claimed that the accident happened as a proximate result of negligence of the Tumblin Company in the absence of contributory negligence on the part of the driver Hoeye, and that, as a consequence, the plaintiff was damaged in the sum of $16,308.36. In the answer in the instant case, the defendants deny negligence and proximate cause on their part and allege contributory negligence. The trial court denied plaintiff's motion to file a supplemental complaint; such a ruling is not appealable, and the petition for a peremptory writ of mandate was filed in this court by plaintiff. The proposed supplemental complaint refers to a previous action (Kern County No. 91794) brought against the Tumblin Company on February 10, 1965, by Douglas Hoeye, the employee of plaintiff who drove its automotive equipment, in which he sought recovery from defendants for personal injuries sustained by him in the same accident. It is further alleged in the proposed supplemental complaint that in the former suit, Hoeye averred that the Tumblin Company was negligent ". . . in the erection, maintenance and inspection of a warning and barricade system with regard to their construction activities in a specified area and that as a proximate result of such negligence the truck being driven by said Douglas Hoeye fell into a ditch causing him to sustain personal injuries," and that in an answer to that complaint, the defendant claimed that Douglas Hoeye himself was contributorily negligent with regard to the injuries sustained by him in the accident.

It is alleged that on or about May 12, 1966, the jury returned a verdict in favor of said Douglas Hoeye and against the Tumblin Company on the issue of liability.

We may add at this point what is conceded by all parties that, in the *Hoeye* case, it was stipulated by the parties that the trial should be bifurcated, that the issue of liability

should be tried first, and that if Hoeye prevailed the amount of damages would be ascertained at a later time in a further portion of the suit. The jury in the case found in favor of Hoeye, which meant, logically, that the Tumblin Company was found to be negligent, that such negligence proximately caused the accident and that Douglas Hoeye himself was not guilty of contributory negligence.

In the former action, the clerk entered a "judgment" based on the partial trial in favor of Hoeye and against the Tumblin Company; later the Tumblin Company made a motion for a new trial on the merits, and the court denied the motion. Thereafter, an appeal was filed by the Tumblin Company but was somewhat later dismissed. A settlement of the first case then took place. The attorneys stipulated that the verdict of the jury on part of the issues of the case should be set aside, and afterwards there was a dismissal with prejudice of the case with a consideration unquestionably passing to Douglas Hoeye.

Turning to the Proposed Supplemental Complaint for Property Damage in the present action, it is alleged that: "Judgment on the issue of the liability of the Defendant Tumblin Company is now final." It is further alleged: "In said action number 91794, it was necessarily determined that Defendant Tumblin Company was negligent and that such negligence proximately caused said accident and that Plaintiff Douglas Hoeye was not contributorily negligent with regard to said accident."

The facts relative to the disposition of the first case as set forth in the proposed supplemental complaint took place after the filing of the original complaint in this action.

The attitude of trial courts in California is that there should be great liberality in permitting amendments of, and adjustments to, pleadings if request therefor is timely made. ■■■ Indeed, the trial court has discretion to grant or refuse an application for amendment, but if the discretion is abused a reversal may follow for failure to grant a request of this kind.

■■ It is the policy of law to permit generally the filing of supplemental pleadings (Code Civ. Proc., § 464; *Blanchard* v. *Superior Court,* 5 Cal.App.2d 115 [42 P.2d 689]). ■■ While it is a general rule that an application for permission to file a supplemental pleading is addressed to the court's discretion (*Greenwood* v. *Adams,* 80 Cal. 74 [21 P. 1134];

*Jacob* v. *Lorenz,* 98 Cal. 332 [33 P. 119]; *Holman* v. *County of Santa Cruz,* 91 Cal.App.2d 502 [205 P.2d 767]; *Erickson* v. *Boothe,* 127 Cal.App.2d 644 [274 P.2d 460]; *Gonzales* v. *Arbelbide,* 155 Cal.App.2d 721 [318 P.2d 746]; 39 Cal.Jur.2d, Pleading, § 226, pp. 329-330), the discretion referred to is a legal discretion subject to review. (*Seehorn* v. *Big Meadow & Bodie Wagon Road Co.,* 60 Cal. 240; *Jensen* v. *Dorr,* 159 Cal. 742 [116 P. 553].) ▉ As a trial court may deny the right to file a supplemental pleading if the new matter contained therein fails, as a matter of law, to constitute a defense (*Horton* v. *Goodenough,* 184 Cal. 451 [194 P. 34]; *Key* v. *Caldwell,* 39 Cal.App.2d 698 [104 P.2d 87]), we assume that the trial judge drew the conclusion that the allegations setting up the claimed collateral estoppel did not in fact apply.

If this was, as we believe, an abuse of discretion, in the circumstances, a writ of mandate should issue inasmuch as there is otherwise no adequate remedy. Section 1086 of the Code of Civil Procedure provides for a writ of mandate "in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." And " '. . . discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered.' " (*State Farm etc. Ins. Co.* v. *Superior Court,* 47 Cal.2d 428, 432 [304 P.2d 13]; *Whalen* v. *Superior Court,* 184 Cal.App.2d 598 [7 Cal.Rptr. 610].)

▉ It is clearly established in this state that a judgment in favor of an employee in an automobile casualty case, or other similar action based upon tort, redounds to the benefit of the employer, whose sole liability, if any, depends upon *respondeat superior.* ▉ Thus, if "A" is the driver of a motor vehicle, who, in the course of his employment by "B," collides with an automobile of "C" and brings an action for his damages, in which "C" alleges contributory negligence, a judgment in the case in favor of "A" may be used in an action brought thereafter by "B" against "C," if properly pleaded, to conclude those issues; in such circumstances, the liability, if any, of "A" is primary, and the liability of "B" secondary, and it is not necessary to try twice the basic elements relating to negligence. The leading case of *Bradley* v. *Rosenthal,* 154 Cal. 420, 425-427 [97 P. 875, 129 Am.St.Rep. 171], enunciates this policy, and the rule is followed universally in this state. (See *Freeman* v. *Churchill,* 30 Cal.2d 453, 461 [183 P.2d 4]; *Jentick* v. *Pacific Gas & Elec. Co.,* 18 Cal.2d

117, 120 [114 P.2d 343]; *Will v. Southern Pac. Co.,* 18 Cal.2d 468, 472-473 [116 P.2d 44]; *Armas v. City of Oakland,* 135 Cal.App. 411, 421-422 [27 P.2d 666, 28 P.2d 422]; *Shippy v. Peninsula Rapid Transit Co.,* 97 Cal.App. 367, 370 [275 P. 515]; *Triano v. F. E. Booth & Co., Inc.,* 120 Cal.App. 345, 347-348 [8 P.2d 174]; *C. H. Duell v. Metro-Goldwin-Mayer Corp.,* 128 Cal.App. 376 [17 P.2d 781]; *Loughran v. Reynolds,* 70 Cal.App.2d 241, 244 [160 P.2d 904]; 29 Cal.Jur.2d, Judgments, § 278, p. 252; 32 Cal.Jur.2d, Master and Servant, § 126, pp. 577-578; 17 Am.Jur., Dismissal etc., § 91, pp. 162-163.)

It is clear, therefore, that on the basis of the proposed allegations of the supplemental complaint, the plaintiff is entitled to urge the point which it seeks to establish.

A considerable portion of the briefs filed by respective counsel debates the question whether or not a judgment was in fact issued in this litigation in the first case. The point at issue is that, as counsel in that action stipulated that the case might be tried in two parts, the verdict of the jury for the plaintiff Hoeye as to liability and the entry of the "judgment" to that effect, considered with the further fact that a motion for a new trial was made by the defendant in that case, made the verdict of the jury and the entry of the partial "judgment," in legal effect an actual judgment, binding on all parties involved. Unfortunately, for the petitioner, however, the authorities in this state hold that there can be only one judgment in an action, and that such a judgment must embrace all of the issues which should have been tried. What was termed a "judgment" in the former case was no judgment at all and, therefore, cannot be used to support the contention of the petitioner. As is said in *Mays v. Disneyland, Inc.,* 213 Cal.App.2d 297, 298 [28 Cal.Rptr. 689]: "The parties having stipulated that the issues as to liability and as to damage be separately tried and determined, the trial was not completed until there had been a determination of both issues." (See also *Auto Equity Sales, Inc. v. Superior Court,* 57 Cal.2d 450, 460 [20 Cal.Rptr. 321, 369 P.2d 937]; *Greenfield v. Mather,* 14 Cal.2d 228 [93 P.2d 100]; *Mather v. Mather,* 5 Cal.2d 617 [55 P.2d 1174]; *Pastor v. Younis,* 238 Cal.App.2d 259 [47 Cal.Rptr. 684]; *Lopes v. Capital Co.,* 192 Cal.App.2d 759 [13 Cal.Rptr. 787]; *Bodine v. Superior Court,* 209 Cal.App.2d 354, 361-362 [26 Cal.Rptr. 260].) And 50 Corpus Juris Secundum, Judgments, section 686, pages 142-

143, makes it clear that "The force of the estoppel lies in the judgment itself; it is not the finding of the court or the verdict of the jury which concludes the parties, but the judgment entered thereon." And as said in 29 California Jurisprudence, Second Edition, Judgments, section 217, page 171: "Before the doctrine of res judicata can apply or be invoked, there must be a subsisting judgment or final order, and it must have been rendered by a court of competent jurisdiction. The force of an estoppel by judgment resides in the judgment itself, so that there can be no estoppel by verdict or finding of fact until a judgment or decree is entered." (See also *Grable* v. *Citizens Nat. Trust & Sav. Bank*, 164 Cal.App.2d 710, 714 ·[331 P.2d 103]; *Greenfield* v. *Mather, supra*, 14 Cal.2d 228; *Bank of Visalia* v. *Smith*, 146 Cal. 398, 402 [81 P. 542].)

 We must look, therefore, for a judgment covering all issues, and we find it in the judgment of dismissal with prejudice in the first case, which was accompanied by the payment of a consideration to Douglas Hoeye that constituted a retraxit and was equivalent to a judgment in favor of Hoeye on the merits, as to which his employer could properly take advantage. (*Ghiringhelli* v. *Riboni*, 95 Cal.App.2d 503 [213 P.2d 17]; *Datta* v. *Staab*, 173 Cal.App.2d 613, 620 [343 P.2d 977]; *Rothtrock* v. *Ohio Farmers Ins. Co.*, 233 Cal.App. 2d 616 [43 Cal.Rptr. 716]; Witkin, Cal. Procedure (1965 Supp.) pp. 527-528.)

 We conclude that the trial court abused its discretion in denying the plaintiff leave to file its proposed supplemental complaint.

The prayer for the issuance of a peremptory writ of mandate is granted; said writ shall direct the superior court: (1) to set aside the order denying plaintiff leave to file the supplemental complaint, and (2) to issue an order permitting the filing forthwith of said Proposed Supplemental Complaint for Property Damage.

Gargano, J., concurred.

STONE, J.—I concur in the result of the main opinion, which is predicated upon the doctrine of *respondeat superior*. Additionally, I believe the doctrine of collateral estoppel enunciated in *Bernhard* v. *Bank of America*, 19 Cal.2d 807 [122 P.2d 892], and articulated in *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.*, 58 Cal.2d 601 [25 Cal.Rptr. 559, 375

P.2d 439], is applicable here. This is because (1) no independent act of negligence on the part of the employer is alleged so that the liability issues were fully litigated on the merits in the former trial, and (2) the retraxit was entered after trial; it was not the result of a pretrial settlement made before liability had been judicially determined.

The verdict in the prior action fixed liability upon the defendant herein, and exonerated from negligence the driver-employee of the plaintiff herein. The defendant moved for a new trial, which was denied, and even appealed from the judgment inadvertently entered upon the jury's verdict. Then, defendant settled with the employee-driver who filed a retraxit.

Had the plaintiff in this case been a passenger, not chargeable with contributory negligence, he should be permitted to raise the issue of collateral estoppel as to the issue of liability, just as the employer is doing here. (See *United States* v. *United Airlines, Inc.*, 216 F.Supp. 709.)

In the light of the principles upon which the doctrine of collateral estoppel is grounded (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra,* 58 Cal.2d 601; Currie, *Civil Procedure: The Tempest Brews,* 53 Cal.L.Rev. 25), there appears to be no reason for limiting the doctrine to an employer-employee relationship. The critical question is whether the doctrine applies to those issues of a bifurcated trial that are fully litigated whether resolved by a final judgment or by a retraxit after verdict or decision of the court. If collateral estoppel is not applicable, the bifurcated trial becomes a vehicle by which a defendant can, by using the procedure defendant followed here, litigate identical liability issues a number of times in multiple actions arising from the same transaction.

A petition for a rehearing was denied July 26, 1967, and the petition of the real parties in interest for a hearing by the Supreme Court was denied September 27, 1967. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.