[No. B058555. Second Dist., Div. Four. Nov. 2, 1993.]

MANUEL MATA, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

## Counsel

Stone & Feeley, Michael P. Stone and Larry J. Roberts for Plaintiff and Appellant.

James K. Hahn, City Attorney, Frederick N. Merkin and Timothy A. Hogan, Assistant City Attorneys, for Defendants and Respondents.

## OPINION

WOODS (A. M.), P. J.—Appellant Manuel Mata, a Los Angeles police officer, was terminated after being charged in disciplinary proceedings with six counts of misconduct and found guilty of two counts. In this action he sought and obtained a writ of mandate directing respondents City of Los Angeles and its chief of police to reinstate him. He also sought compensatory damages for violation of his civil rights pursuant to 42 United States Code section 1983. The trial court granted respondents' motion for summary judgment on the ground that the balance of appellant's case is barred by the relief granted in the writ proceedings. This appeal is taken from that order.[1] For reasons explained more fully in this opinion, we conclude the trial court erred in granting the motion and reverse.

I

### APPELLANT'S COMPLAINT

The controlling pleading in this case is entitled "Amended Petition for Peremptory Writ of Mandate; Verified Complaint for Injunctive Relief, Declaratory Relief and Other Extraordinary Relief." This lengthy, verbose and argumentative pleading alleges that appellant was a highly respected Los Angeles police officer with "expertise in Cuban gangs, Cuban organized crime, and Cuban drug trafficking" who became suspected of drug trafficking and contract murder because his "clothes, gold, cars and home were beyond the reach of a policeman's salary[.]" Appellant alleged that he was charged in disciplinary proceedings with six counts of misconduct.[2] On the last day of a 14-day hearing on these charges, the board of review requested

---

[1] Appellant's notice of appeal specifies that the appeal is taken from "the Order of Dismissal filed on March 15, 1991, dismissing plaintiff's fourth, fifth and sixth causes of action." No such order appears in the record. Instead, the order of March 15, 1991, is a minute order which indicates "Proposed order for entry of summary judgment and proposed summary judgment is signed and filed this date." We liberally construe appellant's notice of appeal to have been taken from that order.

[2] The charges against appellant were "Count 1: During the year last past, you[,] while off duty, improperly associated with a person you knew, or should have known, was involved in criminal activity. [¶] Count 2: On March 2, 1988, at 8424 Columbus Avenue, #214, Sepulveda, you improperly allowed your privately-owned firearm to be possessed by a person you knew, or should have known, was involved in criminal activity. [¶] Count 3: On June 13, 1988, at approximately 1220 hours, at Internal Affairs Division, you, while on duty, made false statements to Sergeant Peter Grupp who was conducting an official investigation, when

the chief of police to add a new count charging appellant with unbecoming conduct "by improperly associating with someone who had been the subject of one of [his] criminal investigations." Appellant was found guilty of this newly alleged count 7 and count 3 (making a false statement to internal affairs about ownership of a gun), and removed from his job on March 1, 1989, retroactively effective to December 2, 1988. Appellant alleged that the evidence did not demonstrate that he intentionally lied about the gun and that the improper association charge was time-barred and violative of his substantive due process right to fair warning of prohibited conduct. Appellant further alleged that he was removed from his job for the "innocent and lawful conduct of associating off-duty with another person of Cuban nationality" in violation of his constitutional right of freedom of association.

Based upon these factual allegations, appellant alleged six "counts" in which he requested relief. Counts 1, 2, and 3 sought a writ of mandate pursuant to Code of Civil Procedure section 1094.5[3] directing respondents to vacate their findings and decisions with respect to the allegations of which appellant was found guilty and restore his employment. Counts 4, 5, and 6 sought injunctive relief and damages for violation of civil rights pursuant to 42 United States Code section 1983.

---

you denied knowledge of circumstances regarding the ownership and possession of a revolver recovered at the residence of E. Basteiro. [¶] Count 4: On March 11, 1988, at approximately 1700 hours, you, while on duty, improperly possessed an unauthorized weapon in the trunk of your assigned City-owned vehicle. [¶] Count 5: On April 5, 1988, at approximately 1035 hours, at Detective Support Division, you, while on duty, knowingly made false statements to San Bernardino County Sheriff's Deputies Austin and Peterson, who were conducting an official investigation. [¶] Count 6: Between May 2 and May 9, 1988, you directed an improper remark to Officer R. Aranda regarding Officer J. Pacual."

[3]Section 1094.5 appears in chapter 2 ("Writ of Mandate") of title 1 ("Of Writs of Review, Mandate, and Prohibition") of the Code of Civil Procedure. It provides, in relevant part: "(a) Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, . . . the case shall be heard by the court sitting without a jury. . . . [¶] (b) The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence. [¶] . . . . [¶] (f) The court shall enter judgment either commanding respondent to set aside the order or decision, or denying the writ. Where the judgment commands that the order or decision be set aside, it may order the reconsideration of the case in the light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law, but the judgment shall not limit or control in any way the discretion legally vested in the respondent."

## II

### The Writ Relief

On September 14, 1990, Superior Court Judge John Zebrowski issued a five-page minute order ordering respondents to "reconsider the penalty" imposed upon appellant.

The court set forth six reasons for this order: (1) the "puzzling" fact that an investigation which spanned several years uncovered no substantial evidence of wrongdoing or impropriety on the part of appellant; (2) the conclusion that count 7 was time-barred and also violated the due process requirement of notice; (3) the fact that one ground argued in support of the decision to terminate (disclosing confidential informant information to a former criminal suspect) had not been charged; (4) the improbability that "an objective [Board of Review], scrupulously excluding from consideration the matters noted in items 1 and 2 above, would recommend outright dismissal on the basis of count 3 alone (which involved no illegal conduct)"; (5) the finding that the evidence on count 3 demonstrated, at most, that appellant was "careless" in his storage or disposition of a gun purchased by him over twenty years ago and made "rather innocuous," inaccurate or misleading statements on this issue; and (6) the court's "[q]uery" whether the discipline imposed was traceable to the uncharged offense of revealing confidential information, rather than to the charges which were filed against appellant.

The court concluded: "The writ of mandate is granted directing the respondent to reconsider the penalty in view of the court's finding that the record supports at most that petitioner's memory of his disposition of the handgun was deficient due to his carelessness in the handling and disposition of the handgun."

## III

### Respondents' Motion for Summary Judgment

On February 25, 1991, respondent City of Los Angeles moved for summary judgment asserting that "causes of action 1 through 4 have been adjudicated by the Los Angeles Superior Court on September 14, 1991, and the remaining causes of action 4 though 6 [for violation of civil rights pursuant to 42 United States Code section 1983] have no merit." Respondent argued that appellant had not been deprived of his due process rights, and that appellant's civil rights claims were barred by the doctrines of collateral estoppel or issue preclusion and the doctrine of election of remedies.

The evidence in support of respondents' motion consisted of respondents' admissions that appellant was charged, on December 2, 1988, with six counts of misconduct and relieved from duty, that a board of rights hearing commenced on January 13, 1989, and ended on February 24, 1989, and that the board of rights found appellant guilty on counts 3 and 7 and not guilty on all others. Additionally, respondents submitted orders of Police Chief Daryl Gates demonstrating that appellant was removed from police service as a penalty for the two sustained charges of misconduct, but reinstated following the ruling on appellant's writ petition, compensated retroactively and suspended for sixty days.

In opposition to the motion, appellant argued that "defendants' application of the law to the facts . . . [was] erroneous[.]" Appellant pointed out that respondents did not address his claim that to the extent his discharge was predicated upon count 7, it violated his rights to freedom of association, substantive due process and equal protection. Appellant also urged that trial was necessary to determine the additional damages he suffered beyond loss of earnings. In his memorandum of points and authorities, appellant argued, inter alia, that collateral estoppel was his sword, not respondents' shield, and that the doctrine of election of remedies was inapplicable. The evidence filed by appellant in opposition to respondents' motion consisted of requests for judicial notice of documents filed as exhibits to respondents' motion and of a section of the Los Angeles Police Department Manual. Appellant filed his own declaration for the purpose of demonstrating additional damages which he suffered as a result of his removal from the police department.[4]

Respondents' motion was granted on the ground that since appellant successfully pursued state writ of mandate proceedings to gain job reinstatement, he could not seek damages under 42 United States Code section 1983 in federal court and was collaterally estopped from seeking such relief in state court. The court explained in a minute order: "Case authority indicates that the Federal Remedy under Section 1983 is not intended to offer supplemental tort remedy for victims of State Government blunders who receive due process and a remedy at law in the state where the wrong occurred. [¶] See: Defendant's Points and Authorities[;] also see: Cohen Vs. City of Philadelphia 736 F. 2d 81 (3rd Cir. 1984) cited in Punton Vs. City of Seattle at 805 Fed. Reporter [sic] 2d page 1382."

---

[4]Appellant also filed his own motion for summary adjudication in his favor "of counts four, five and six[.]" Respondents opposed and the trial court denied. No issue is raised in this appeal concerning the propriety of the order denying appellant's motion for summary judgment.

## IV

### STANDARD OF REVIEW

■ We first address the standard of review. Contrary to respondents' suggestion, there is no presumption of the correctness of an order granting summary judgment, nor do we presume that the evidence supports the judgment. As this court explained in *Krieger* v. *Nick Alexander Imports, Inc.* (1991) 234 Cal.App.3d 205, 212 [285 Cal.Rptr. 717]: " 'The reviewing court conducts a de novo examination to see whether the moving party is entitled to summary judgment as a matter of law or whether there are any genuine issues of material fact. . . .' [Citations.]" (Fn. omitted.) (Quoting *Enterprise Leasong Corp.* v. *Shugart Corp.* (1991) 231 Cal.App.3d 737, 744 [282 Cal.Rptr. 620].)

In this case none of the facts relevant to determination of the motion for summary judgment is disputed. Therefore, our task is to determine, de novo, whether appellant is barred, as a matter of law, from prosecuting his causes of action under 42 United States Code section 1983 by virtue of the fact that he has been reinstated on his job in response to the writ of mandamus issued in this case.

## V

### DISCUSSION

Appellant had several procedural options available to him. He could have first sought judicial review of the board's decision pursuant to Code of Civil Procedure section 1094.5 and then, after prevailing in that proceeding, filed a separate state action for compensatory damages for wrongful discharge (see *Knickerbocker* v. *City of Stockton* (1988) 199 Cal.App.3d 235, 245 [244 Cal.Rptr. 764] [holding that to the extent plaintiff can prove he suffered emotional distress from an improper termination, nothing in an earlier administrative proceeding ordering his reinstatement prevents him from doing so]), or he could have followed his victory in the administrative proceeding with an action for violation of 42 United States Code section 1983 filed in either the state court or the federal court. (*Gallagher* v. *Frye* (9th Cir. 1980) 631 F.2d 127, 130 ["We do not believe that any fair or reasonable interpretation of res judicata principles compels a holding that a plaintiff's enforcement of state administrative procedures in state court should effectively bar him from access to federal courts on the merits of his claim of violation of federal rights."].) Or, as respondents now concede, appellant could properly have taken the approach he did: joining the request

for administrative mandamus with his complaint for violation of civil rights in violation of 42 United States Code section 1983. (See *Poschman* v. *Dumke* (1973) 31 Cal.App.3d 932, 935, 944 [107 Cal.Rptr. 596], disapproved on other grounds in *Armistead* v. *State Personnel Board* (1978) 22 Cal.3d 198, 204, fn. 3 [149 Cal.Rptr. 1, 583 P.2d 744].)

In the lower court respondents did not concede the propriety of the procedure employed by appellant. They argued, instead, that since appellant had sought vindication in mandamus proceedings, he was precluded from pursuing his causes of action for violation of civil rights. Respondents relied primarily upon *Punton* v. *City of Seattle* (9th Cir. 1986) 805 F.2d 1378, to support their argument. They have understandably abandoned the argument in this court because *Punton* was overruled by *Haphey* v. *Linn County* (9th Cir. 1992) 953 F.2d 549, 552, during the pendency of this appeal.[5] This change in the law is of considerable significance to our review because the language used by the trial court in granting respondents' motion for summary judgment was taken, verbatim, from *Punton*, where the reviewing court phrased the issue presented as whether "the federal remedy under § 1983 [*is*] intended to be a supplemental tort remedy for those victims of state government blunders who receive a remedy at law in the state where the wrong occurred, but who want a better remedy in the federal courts?" (*Punton* v. *City of Seattle, supra,* 805 F.2d at p. 1381.)[6]

▇▇▇ Therefore, the only issues requiring resolution are whether appellant's claims pursuant to 42 United States Code section 1983 are barred by the doctrine of claim preclusion (or res judicata) as a result of the relief awarded in the administrative mandamus proceedings and if not, whether the doctrine of issue preclusion (or collateral estoppel) bars appellant from

[5]In an apparent effort to avoid the consequences of their concession, respondents argue that appellant litigated his constitutional claims in the writ proceeding, even though he was not required to do so. This argument has been waived by the failure to raise it in the trial court. (See *Wright* v. *Fireman's Fund Ins. Companies* (1992) 11 Cal.App.4th 998, 1013 [14 Cal.Rptr.2d 588].) Moreover, it finds no support in the partial record before us.

It also appears that respondents have abandoned a contention which they raised in the trial court to the effect that appellant was not deprived of any right for which 42 United States Code section 1983 provides redress. Therefore, we need not address the issue even though appellant has discussed it in his opening brief.

[6]As we have previously mentioned, the trial court stated in this case: "Case authority indicates that the Federal Remedy under Section 1983 is not intended to offer supplemental tort remedy for victims of States Government blunders who receive due process and a remedy at law in the state where the wrong occurred." The trial court is not to be faulted for its conclusion, however, because *Haphey* had not yet been decided by the Ninth Circuit when the ruling granting respondents' motion was rendered. Although we review the result, not the trial court's reasoning, it is helpful, in this case, to know that the basis of the trial court's conclusion was a case which has since been overruled.

litigating in his 1983 action issues which were decided in his favor in the mandamus proceeding.[7]

■ " '[T]he doctrine of res judicata gives certain conclusive effect to a former judgment in subsequent litigation involving the same controversy. It seeks to curtail multiple litigation causing vexation and expense to the parties and wasted effort and expense in judicial administration.' [Citation.]" (*Nakash* v. *Superior Court* (1987) 196 Cal.App.3d 59, 67 [241 Cal.Rptr. 578], italics omitted.) "What constitutes the 'same controversy' is a complex conceptual and practical problem in applying the doctrine. Analysis has shifted from identification of a primary right upon which only one claim is allowed to determination of the existence of a transaction involving a nucleus of facts upon which only one claim is allowed. [Citation.] It is generally conceded that the line dividing those situations compelling application of the doctrine from those which do not cannot be precisely drawn. [Citation.]" (*Id.* at p. 68.) "[I]n California[,] '[i]f the second suit is on a different cause of action, as where there are . . . separate and distinct torts . . . there is no merger. [Citations.]' " (*Id.* at p. 69.)

■ In this case, the "second suit," i.e., the 42 United States Code section 1983 action, is on a different cause of action. In fact, the mandamus proceeding is technically not regarded as an action at all. It is, instead, described as a special proceeding. (See *Best* v. *California Apprenticeship Council* (1987) 193 Cal.App.3d 1448, 1460 [240 Cal.Rptr. 1].) Therefore, appellant's section 1983 action is not barred by the doctrine of claim preclusion. (*Knickerbocker* v. *City of Stockton*, *supra*, 199 Cal.App.3d at p. 245; *Gallagher* v. *Frye*, *supra*, 631 F.2d at pp. 129-130.)

The judgment in the mandamus proceeding is not to be ignored, however. ■ Pursuant to the doctrine of issue preclusion, the judgment " 'operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.' [Citation.]" (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 253, p. 691, italics omitted.) ■ Since all of the issues which were determined in the mandamus proceeding were determined in appellant's favor, the doctrine is of no assistance to respondents. To the extent which the doctrine applies in this case it may preclude respondents from seeking a more favorable resolution of the issue of whether appellant's termination resulted, in part, from

---

[7]The Restatement Second of Judgments section 27 uses the term "claim preclusion" to describe the doctrine of res judicata, and the term "issue preclusion" to describe collateral estoppel. (*Lucido* v. *Superior Court* (1990) 51 Cal.3d 335, 341, fn. 3 [272 Cal.Rptr. 767, 795 P.2d 1223, 2 A.L.R.5th 995]; *Azadigian* v. *Workers' Comp. Appeals Bd.* (1992) 7 Cal.App.4th 372, 377, fn. 6 [8 Cal.Rptr.2d 643].)

a finding of guilt on a charge which violated his due process right to adequate notice. (See *Louie Queriolo Trucking, Inc.* v. *Superior Court* (1967) 252 Cal.App.2d 194, 200 [60 Cal.Rptr. 389]; *Vanguard Recording Society, Inc.* v. *Fantasy Records, Inc.* (1972) 24 Cal.App.3d 410, 417 [100 Cal.Rptr. 826]; *R. E. Spriggs Co.* v. *Adolph Coors Co.* (1979) 94 Cal.App.3d 419, 429 [156 Cal.Rptr. 738]; *Parklane Hosiery Co.* v. *Shore* (1979) 439 U.S. 322 [58 L.Ed.2d 552, 99 S.Ct. 645].) Therefore, application of the doctrine does not support summary judgment in favor of respondents.

The only remaining basis upon which respondents seek to justify the court's ruling is the argument that all of appellant's primary rights were litigated in the writ proceeding. This argument is just another way of phrasing the argument that appellant's civil rights cause of action is barred (claim preclusion) by the writ proceedings. We reject this argument for all the reasons previously stated.

Additionally, we note that the authorities upon which respondents rely do not support their contentions. For example, *Clark* v. *Yosemite Community College Dist.* (9th Cir. 1986) 785 F.2d 781, 788, was an action filed in federal court by a plaintiff who had, in state mandamus proceedings, raised (and abandoned) the issue of violation of his civil rights. For this reason, the Ninth Circuit concluded that the subsequent action in federal court on the same cause of action was barred by the doctrine of res judicata. (785 F.2d at p. 786.) In this case, appellant did not abandon his 42 United States Code section 1983 causes of action in the writ proceeding, nor did he raise them in a subsequent action filed in federal court. Therefore, *Clark* is both factually and procedurally distinguishable.

Also distinguishable is *Takahashi* v. *Board of Education* (1988) 202 Cal.App.3d 1464 [249 Cal.Rptr. 578] , cited by respondents. In that case, the plaintiff was terminated from her position as a school teacher after administrative hearings. She filed a petition for writ of mandate in the superior court, which was argued and denied. She then filed an action in federal court for damages and injunctive relief pursuant to 42 United States Code sections 1981 and 1983, and an action in superior court for damages for breach of employment contract and conspiracy to defraud. She subsequently filed a separate complaint in superior court seeking monetary damages and injuctive and declaratory relief for wrongful discharge for exercise for First Amendment rights, and in violation of her rights to due process, equal protection, and her right to be free of racial, sexual and age discrimination.

The federal court held that the decision in the first action barred the federal court case. (*Takahashi* v. *Bd. of Trustees of Livingston* (9th Cir. 1986)

783 F.2d 848.) The superior court granted summary judgment in the state cases under the doctrine of res judicata, and the reviewing court affirmed, explaining that her actions were not barred by the underlying administrative proceeding, but by the judgment in the first state court action decided *against* her. (*Takahashi* v. *Board of Education, supra,* 202 Cal.App.3d at p. 1474.)

In contrast to *Takahashi,* the action in this case is the only one filed by appellant. He has not brought any other action in either state or federal court. More importantly, however, he has prevailed in his petition for administrative mandamus. California law expressly allows a tort action in this circumstance. (See *Westlake Community Hosp.* v. *Superior Court* (1976) 17 Cal.3d 465, 484 [131 Cal.Rptr. 90, 551 P.2d 410]; *Craig* v. *County of Los Angeles* (1990) 221 Cal.App.3d 1294, 1297-1299 [271 Cal.Rptr. 82]; *Shoemaker* v. *Myers* (1992) 2 Cal.App.4th 1407, 1413-1415 [4 Cal.Rptr.2d 203].)

While we express no opinion as to the merits of appellant's case,[8] we must conclude, under the circumstances presented, that the granting of respondents' summary judgment motion was error.

For all of the foregoing reasons, we reverse the summary judgment in favor of respondents and remand this matter to the trial court for further proceedings. Costs to appellant.

Vogel (C. S.), J., and Rappe, J.,* concurred.

---

[8]Appellant acknowledges that he faces a "formidable gauntlet of defenses." (See *Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 23-24 [276 Cal.Rptr. 303, 801 P.2d 1054].)

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.