**Hsien I. PENG; Huang H. Peng; Lin Hsing Kuo; Yiu Yu Kuo, Plaintiffs–Appellants,**

v.

**CITY OF BELLFLOWER; Sherman Block, Sheriff of the County of Los Angeles; Jeffrey H. Walker, Individually and as Special Assignment Deputy of Los Angeles County Sheriff's Department, Defendants–Appellees.**

No. 99–55956.
D.C. No. CV–98–02510–DT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2001.

Decided Feb. 1, 2002.

127 L.Ed.2d 455 (1994) (listing factors for considered under 17 U.S.C. § 505 for awarding attorney's fees in copyright actions).

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

### MEMORANDUM*

#### I. Res Judicata Vis–a–Vis the City

We review de novo a trial court's grant of summary judgment on res judicata grounds.[1]

The res judicata question is whether the Planning Commission's hearings should have claim-preclusive effect in federal court. The district court decided this issue solely on the basis of the *Utah Construction* test.[2] The *Utah Construc-*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Ross v. Alaska*, 189 F.3d 1107, 1110 (9th Cir.1999), *cert. denied*, 528 U.S. 1155, 120 S.Ct. 1166, 145 L.Ed.2d 1073 (2000).

2. *See United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966) (stating that courts have not hesitated to apply res judicata when an administrative agency acts in a judicial capacity and resolves disputed issues of fact properly before it that the parties have had an adequate chance to litigate).

*tion* test is only a threshold analysis, however, and does not fully control the res judicata question.[3] Once the *Utah Construction* test is satisfied, the question of preclusion becomes a matter of *state* law,[4] and federal courts must give the agency's decision "the same preclusive effect to which it would be entitled in the State's courts."[5]

■ California administrative estoppel law follows the *Utah Construction* test but also includes another step: A state administrative agency adjudication will not carry preclusive effect in California courts unless the circumstances of the case satisfy the

"traditional requirements" of claim preclusion.[6] Thus, an agency adjudication has no preclusive effect in California courts unless it satisfies the standard preclusion elements of California law.[7]

■ California administrative estoppel law is "flexible," however, and does not rigidly accord res judicata effect to agency decisions simply because the elements of res judicata are satisfied.[8] Some agency decisions are entitled to more preclusive effect than others:

> The key to a sound solution of problems of res judicata in administrative law is recognition that the traditional principle

---

**3.** The *Utah Construction* test is not a substantive preclusion analysis; it is only a determination of whether the proceeding to which the state's substantive law attaches preclusive effect satisfies the "requirements of fairness" and "was conducted with sufficient safeguards" for federal courts to recognize that preclusion. *Miller v. County of Santa Cruz,* 39 F.3d 1030, 1032–33 (9th Cir.1994); *see also Eilrich v. Remas,* 839 F.2d 630, 633 n. 1 (9th Cir.1988) (noting that the court in *Mack v. South Bay Beer Distribs., Inc.,* 798 F.2d 1279 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991), did not reach substantive state preclusion law because the administrative hearing in question did not meet the *Utah Construction* threshold); *Plaine v. McCabe* 797 F.2d 713, 719 (9th Cir.1986) (describing the *Utah Construction* test as a threshold inquiry).

Actually, the first step in analyzing state agency preclusion questions involving federal statutes is not the *Utah Construction* analysis, but the determination of whether Congress intended agency decisions to have preclusive effect. *See Astoria,* 501 U.S. at 108–09, 111 S.Ct. 2166. We omit that step here because the Supreme Court has determined that Congress did so intend in regard to § 1983 claims. *See University of Tennessee v. Elliott,* 478 U.S. 788, 796–99, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986).

**4.** *See Eilrich,* 839 F.2d at 633 (looking to the two-part test established by the California Supreme Court to evaluate the preclusive effect to accord state administrative agency deter-

minations); *Plaine,* 797 F.2d at 719–20 (same).

**5.** *Elliott,* 478 U.S. at 799, 106 S.Ct. 3220. This quote refers to "factfinding," i.e., issue preclusion, but the Supreme Court has implied that the *Utah Construction/Elliott* analysis also applies in determining whether a state agency adjudication has claim-preclusive effect. *See Astoria,* 501 U.S. at 107, 111 S.Ct. 2166 (discussing *Utah Construction* and *Elliott* and stating that "[w]e have long favored application of the common-law doctrines of collateral estoppel (as to issues) and res judicata (as to claims) to those determinations of administrative bodies that have attained finality").

**6.** *People v. Sims,* 32 Cal.3d 468, 186 Cal.Rptr. 77, 651 P.2d 321, 330 (1982), *superseded by statute on other grounds as stated in People v. Preston,* 43 Cal.App.4th 450, 458, 50 Cal. Rptr.2d 778 (1996).

**7.** *See Sims,* 186 Cal.Rptr. 77, 651 P.2d at 331 (listing the elements of collateral estoppel under California law); *see also Lyons v. Sec. Pac. Nat'l Bank,* 40 Cal.App.4th 1001, 1015, 48 Cal.Rptr.2d 174 (1995) (listing res judicata elements and quoting *Stafford v. Yerge,* 129 Cal.App.2d 165, 276 P.2d 649, 651 (1954)).

**8.** *People v. Damon,* 51 Cal.App.4th 958, 973, 59 Cal.Rptr.2d 504 (1996) (quoting *George Arakelian Farms, Inc., v. Agric. Labor Relations Bd.,* 49 Cal.3d 1279, 265 Cal.Rptr. 162, 783 P.2d 749, 755 (1989)).

of res judicata as developed in the judicial system should be fully applicable to some administrative action, that the principle should not be applicable to other administrative action, and that much administrative action should be subject to a qualified or relaxed set of rules concerning res judicata.[9]

Under this flexible approach, res judicata would probably not bar the Motel Owners' § 1983 action in California courts, even if the *Utah Construction* test and the California elements of res judicata are satisfied. The Motel Owners initiated an administrative mandamus for review of the Commission's hearings and the City Council's review of the hearings. Such a mandamus proceeding carries only issue-preclusive, not claim-preclusive, effect under California law.[10] Thus, the Motel Owners' mandamus proceeding could bar re-litigation only of some of the issues raised in the Motel Owners' litigation, not of their entire lawsuit. It is unlikely that a California court would give greater preclusive effect to the judicially unreviewed Commission hearings than it would to a judicial review of those same hearings.

Accordingly, we conclude that the Commission's hearings do not have res judicata effect in this case. However, we affirm the district court's grant of summary judgment for the City on different grounds.[11]

The resolutions that resulted from the Commission's hearings only reaffirmed and expressly incorporated into the Motel Owners' permit terms to which the Motel Owners were already subject under existing ordinances. Thus, the resolutions did not result in the deprivation of any liberty or property interest.

We affirm the district court's grant of summary judgment in favor of the City.

## II. Res Judicata Vis–a–Vis the County Defendants

Res judicata does not bar the Motel Owners' claim against the County Defendants for the same reasons it does not bar their claim against the City. Even so, the district court's grant of summary judgment for the County Defendants was proper for the reasons explained below.

### A. Qualified Immunity of Deputy Walker

■■■■ Deputy Walker is entitled to qualified immunity from § 1983 liability "unless his conduct violate[d] 'clearly established statutory or constitutional rights of which a reasonable person would have known.' "[12] As we explained in *Dittman v. California*,[13] "when a public official acts in reliance on a duly enacted statute or ordinance, that official ordinarily is entitled to qualified immunity."[14] However, "[t]he existence of an authorizing statute is not dispositive."[15] "Qualified immunity does not extend to a public official who

---

**9.** *Damon*, 51 Cal.App.4th at 973, 59 Cal. Rptr.2d 504 (quoting *George Arakelian Farms, Inc.*, 265 Cal.Rptr. 162, 783 P.2d at 755).

**10.** *See Mata v. City of Los Angeles*, 20 Cal. App.4th 141, 149, 24 Cal.Rptr.2d 314 (1993) (explaining that an administrative mandamus "action" is actually a "special proceeding" entitled to only issue-preclusive, and not claim-preclusive, effect).

**11.** *See DP Aviation v. Smiths Industries Aerospace & Defense Systems Ltd.*, 268 F.3d 829, 846 n. 15 (9th Cir.2001) ("[I]n reviewing decisions of the district court we may affirm on any ground supported by the record.").

**12.** *Picray v. Sealock*, 138 F.3d 767, 771 (9th Cir.1998) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

**13.** 191 F.3d 1020 (9th Cir.1999).

**14.** *Id.* at 1027.

**15.** *Id.*

enforces a statute that is 'patently violative of fundamental constitutional principles.' "[16]

■ Bellflower's resolution was not "patently violative of fundamental constitutional principles."[17] While it may be vulnerable to attack under *New York v. Burger*,[18] it is not obviously unconstitutional. Particularly in view of the fact that Mr. Peng had consented to the permit conditions, Deputy Walker could reasonably have believed that his enforcement of them was lawful. Accordingly, summary judgment for Deputy Walker on the basis of qualified immunity was warranted.[19]

B. *Monell* Claim Against Sheriff Block

■ Solano County, whom Sheriff Block represents, "cannot be held liable under § 1983 on a respondeat superior theory."[20] It can only be liable if, pursuant to some official policy or custom, it deprived the Motel Owners of some constitutional right.[21]

■ As the Supreme Court held in *City of Canton, Ohio v. Harris*,[22] "our first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."[23] As the district court correctly observed, the Motel Owners have not shown such a link.

■ There is no doubt that the City contracted with the County for the County to provide law enforcement services. Thus, it is fair to say that the County had an "official policy" of enforcing the Bellflower Municipal Code ("BMC"), which required that a conforming guest register "be made available at all times for inspection by the Los Angeles Sheriff's Department or the Administration Department of the City of Bellflower." The County's policy of enforcing the BMC, however, did not "cause" the alleged Fourth Amendment violation. If the Motel Owners were deprived of their right to be free from unreasonable searches and seizures, it was because Bellflower's Planning Commission passed a resolution that allegedly stripped them of their right, not because the Los Angeles County Sheriff had a policy of enforcing the BMC in its entirety.[24]

Because there is no evidence in the record to support the Motel Owners' alternative failure to train theory of *Monell* liability, summary judgment in favor of the County was warranted.

AFFIRMED.

---

16. *Id.* (quoting *Grossman v. City of Portland,* 33 F.3d 1200, 1209 (9th Cir.1994)).

17. *See id.*

18. 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987).

19. *Act Up!/Portland v. Bagley,* 988 F.2d 868, 873 (9th Cir.1993).

20. *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

21. *Id.* at 694–95, 98 S.Ct. 2018.

22. 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

23. *Id.* at 385, 109 S.Ct. 1197.

24. *See Estate of Brooks v. United States,* 197 F.3d 1245 (9th Cir.1999) (holding that man who was detained in county jail for twelve days without a hearing at the request of federal marshals had no § 1983 cause of action against the County because the County was not the legal cause of his injury).