Jon–Cory **SCHMIDT, Plaintiffs,**

v.

**COUNTY OF NEVADA; Nevada County Sheriff's Office; James Bennett; and Does 1–20 inclusive, Defendants.**

**No. 2:10–CV–03022 FCD/EFB.**

United States District Court, E.D. California.

March 30, 2011.

R. Ellis Harper, Law Offices of R. Ellis Harper, Nevada City, CA, for Plaintiffs.

Leanne Kathleen Mayberry, Scott A. McLeran, Nevada City, CA, for Defendants.

## MEMORANDUM AND ORDER

FRANK C. DAMRELL, JR., District Judge.

This matter is before the court on the motion of defendants County of Nevada ("Nevada County"), Nevada County Sheriff's Office ("Sheriff's Office"), and James Bennet ("Bennett") (collectively, "defendants") to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b) (6).[1] Plaintiff Jon–Cory Schmidt ("plaintiff") opposes the motion. For the reasons set forth below, defendants' motion to dismiss is GRANTED.[2]

## BACKGROUND

Plaintiff is the owner of a parcel of land located in Nevada County. According to plaintiff, he "and nine other interested par-

---

1. Defendants also moved for a more definitive statement under FRCP 12(b)(6). Because, as set forth below, defendants motion to dismiss is GRANTED, the court does not address the merits of this motion.

2. Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

ties were in lawful possession of medical cannabis recommendations issued by licensed California Physicians." (Pl.'s Compl. ["Compl."], filed Oct. 12, 2010 [Docket # 1], ¶ 14.) "Pursuant to those recommendations, they cultivated a community or collaborative garden" consisting of eighty immature marijuana plants on plaintiff's property. (*Id.*) Plaintiff alleges that the marijuana plants were legally cultivated in compliance with California Health & Safety Code § 11362.5 *et seq.* (*Id.*)

In September 2009, defendant Bennet, a Nevada County Sheriff, filed an affidavit with Nevada County Magistrate Judge Catherine Heidelberger for purposes of obtaining a warrant to search the premises of plaintiff's home. (*Id.* ¶ 15.) Judge Heidelberger reviewed the affidavit, determined probable cause existed, and issued the requested warrant. (*Id.*) On September 22, 2009, defendants executed the warrant, seizing at least eighty immature marijuana plants growing on plaintiff's property. (*Id.* at 16.) Defendants also seized various other marijuana-related contraband, including ten pounds of already cultivated marijuana. (*Id.*)

Plaintiff then filed a motion for return of the marijuana and other items seized pursuant to California Penal Code §§ 1539 and 1540 in California Superior Court for the County of Nevada. (Pl.'s Opp'n ["Opp' n"], filed Feb. 24, 2011 [Docket # 21], at 2:20–22.) On December 1, 2009, plaintiff and his attorney appeared before Judge Heidelberger for oral argument on the motion. (Opp'n, Ex. 1.) After the hearing, Judge Heidelberger issued a written order,[3] denying the motion for return of the marijuana. (*Id.*) The order explained that return of the marijuana was not warranted

because plaintiff did not have legal possession. (*Id.*)

Plaintiff then petitioned for a writ of mandate, requesting that the appellate division of the Nevada County Superior Court vacate Judge Heidelberger's order. (Opp'n at 2:23–25.) On April 26, 2010, Superior Court Judge C. Anders Holmer issued a written tentative order on the writ. (*Id.*) According to the court, "the central issue [raised by the writ] was whether or not petitioner was in lawful possession of the marijuana seized." (Defs.' Mtn to Dismiss ["MTD"], filed Dec. 01, 2010 [Docket # 8], Ex. 1.) The court denied the writ, holding that pursuant to relevant statutory and case law, plaintiff was not in legal possession of the marijuana. (*Id.*) The court adopted the tentative ruling on May 26, 2010. (*Id.*)

Plaintiff then filed this complaint, asserting four claims for relief: (1) unlawful detention of personal property; (2) declaratory relief; (3) damages for violation of equal protection rights under 42 U.S.C. § 1983; and (4) conversion of personal property against defendants. (Compl. ¶¶ 19–37.) Specifically, plaintiff contends that defendants "have illegally seized such medical marijuana through unlawful seizure, confiscation, and impoundment." (Compl. ¶ 22.) Plaintiff alleges that the seizure violated his constitutional rights by depriving him, without due process of law, of eighty immature marijuana plants that plaintiff asserts he lawfully possessed pursuant to California's Compassionate Use Act. (Compl. ¶¶ 10–16.) Finally, plaintiff alleges defendants "made unreasonable and illegal searches and seizures ... and deprived plaintiff of his rights, privileges, and immunities as guarantied by the

---

**3.** While the order denied the motion for return of the marijuana and other related illegal substances, it required that certain items

seized by Nevada County be returned to plaintiff. (Opp'n., Ex. A.)

Fourth and Fourteenth Amendments to the United States Constitution." (Compl. ¶ 11.)

## STANDARD

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963). A plaintiff need not allege " 'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir.1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955; *Iqbal*, 129 S.Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hospital*, 844 F.2d 646, 649

(9th Cir.1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.,* 12 F.Supp.2d 1035, 1042 (C.D.Cal.1998).

## ANALYSIS

### A. Collateral Estoppel

Defendants contend that the court must dismiss plaintiff's claims[4] for unlawful detention and conversion because the Nevada County Superior Court, in two separate proceedings and two written orders, determined that plaintiff was not in lawful possession of the marijuana. ("MTD" at 4:4–5:10.) Specifically, defendants contend that the doctrine of collateral estoppel bars plaintiff from re-litigating the issue of whether he was in lawful possession of the marijuana, and thus, his claims for unlawful detention and conversion, which require plaintiff to demonstrate lawful possession, must be dismissed with prejudice.

■■■■■ State judicial proceedings receive the same full faith and credit in every federal court as they would have in the courts of the state in which the matter originated. 28 U.S.C. § 1738. Section 1738 "directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) (" § 1738 requires a federal court to look first to state preclusion law in determining the preclusive effects of a state court judgment"). Therefore, this court will apply California law to determine whether the previous adjudications in California Superior Court will pre-

clude plaintiff from relitigating whether he was in lawful possession of the marijuana.

■■ In California, collateral estoppel precludes relitigation of an issue previously adjudicated when the following elements are satisfied:

First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Hernandez v. City of Pomona,* 46 Cal.4th 501, 513, 94 Cal.Rptr.3d 1, 207 P.3d 506 (2009) (internal citations omitted) (quoting *Lucido v. Superior Court,* 51 Cal.3d 335, 341, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990)).

Plaintiff argues that neither of the holdings by the Nevada County Superior Court can be given preclusive effect because: (1) the issue of lawful possession was not necessarily decided;[5] (2) the ruling by the magistrate on the motion for return of the property was not final and on the merits because it was a "special proceeding"; (3) the denial of the writ of mandamus was not final and on the merits because it did not result in a sufficient written decision; (4) California's public interest exception applies to preclude the application of col-

---

4. Plaintiff's claims are laid out in the complaint as follows: first cause of action: unlawful detention of personal property; second cause of action: declaratory relief; third cause of action: violation of the federal equal protection clause; sixth cause of action: conversion. (Compl. ¶¶ 19–37.) Plaintiff did not file a fourth or fifth claim.

5. Plaintiff does not dispute that the issue of whether he lawfully possessed the marijuana was actually litigated, that the issue is identical or that the party against whom preclusion is sought is the same as the party to the former proceeding.

lateral estoppel; and (5) applying collateral estoppel in this case would violate due process.

### 1. Necessarily Decided

 Plaintiff contends that the Superior Court judges' rulings on the issue of lawful possession cannot have preclusive effect because it was not necessarily decided. (Opp'n at 6:2–6.) An issue is necessarily decided when two elements are satisfied: (1) the issue was *actually* decided; and (2) the determination of the issue was necessary to render a valid judgment on the merits of the underlying proceeding. *See Beechwood Restorative Care Center v. Leeds*, 436 F.3d 147, 153 (2d Cir.2006).

 In this case, both divisions of the Nevada County Superior Court necessarily decided the issue of lawful possession. First, the magistrate judge actually decided the issue on the motion for return of the marijuana. Indeed, the court's written order expressly provides that plaintiff was not in legal possession of the marijuana. (Opp'n, Ex. 1.) Second, the determination of lawful possession was necessary to render a final judgment on the merits of the that motion. (*See Id.*) The court noted that plaintiff "would be entitled to return of marijuana that was lawfully cultivated and possessed ... [however] there is no evidence before the court to support his contention that all of the marijuana was lawfully cultivated and possessed." (*Id.*) Similarly, the Nevada County Superior Court, appellate division actually and necessarily decided the same issue in ruling

upon plaintiff's petition for writ of mandate. The court explicitly stated: "[t]he central issue [raised by the writ was] whether or not petitioner was in lawful possession of the marijuana seized." (MTD, Ex. 1 at 15.) The Appellate Division of The Superior Court denied the petition, holding that "petitioner's possession [of marijuana] greatly exceeded the legal limit." (*Id.*)

Therefore, the issue whether plaintiff was in lawful possession of the marijuana at issue in this case was necessarily decided in the negative on two separate occasions.[6]

### 2. Special Proceeding

 Plaintiff alleges that Judge Heidelberger's ruling on plaintiff's motion for return of his property cannot be given preclusive effect because plaintiff's motion was a "special proceeding."

 California courts have held that when a claim is brought in litigation following a "special proceeding" that decided a related issue, that claim is not necessarily barred by principles of res judicata. *See Mata v. City of Los Angeles*, 20 Cal. App.4th 141, 149, 24 Cal.Rptr.2d 314 (1993); *Knickerbocker v. City of Stockton*, 199 Cal.App.3d 235, 245, 244 Cal.Rptr. 764 (1988). In *Mata*, the court explained that a petition for writ of mandamus is technically a special proceeding for purposes of *claim preclusion. Id.* However, the court explained that, notwithstanding the fact that a writ petition is a special proceeding,

---

**6.** Plaintiff argues that the determination of whether he lawfully possessed the marijuana was "arguably moot" because Nevada County already destroyed the marijuana, and thus, the court did not have power to return it. (Opp'n at 4:26.) First, plaintiff proffers no evidence that the marijuana was actually destroyed prior to judgment on the motion. Even if the state did not have the power to return the marijuana, however, the issue of lawful possession was necessary to the disposition of the specific motion in question. Moreover, the issue of lawful possession was the central issue to be determined on the petition for writ of mandate and was therefore essential to the disposition of that petition. Therefore, plaintiff's arguments are without merit.

"[t]he judgment in the mandamus proceeding was not to be ignored" for purposes of *issue preclusion*. *Knickerbocker*, 199 Cal. App.3d at 245, 244 Cal.Rptr. 764. Under the doctrine of issue preclusion, the judgment in a mandamus proceeding "operates as an estoppel or conclusive adjudication as to such *issues* in the second action that were actually litigated and determined in the first action." (*Id.*) (internal citations omitted) (emphasis added). Therefore, a special proceeding will have issue preclusive effect as long as the elements of collateral estoppel are met.

As set forth above, the elements of collateral estoppel have been met in this case; the precise issue of lawful possession was previously litigated and conclusively determined in favor of defendants in both the motion for return of the marijuana and the writ proceeding. Therefore, the doctrine of collateral estoppel bars plaintiff from relitigating the issue of lawful possession in this action, regardless of whether issue was previously determined in a "special proceeding."

### 3. Written Decision

▮▮ Plaintiff contends the appellate division of the Nevada County Superior Court's ruling on the writ application was not a final judgment on the merits, and thus, cannot be given preclusive effect. (Opp'n at 6:7–11.) Specifically, plaintiff argues that "unless there is a written opinion issued following the issuance of alternative writ, the denial of writ petition does not have issue preclusive effect." *Id.* (emphasis omitted).

▮▮ The issuance of an alternative writ will not be final and on the merits, and thus will not have preclusive effect, unless there is a sufficient writing explaining the basis for the ruling. *Gammoh v. City of Anaheim*, 73 Cal.App.4th 186, 196, 86 Cal. Rptr.2d 194 (1999).

In this case, the appellate division of the Nevada County Superior Court issued, in writing, a reasoned tentative ruling explaining its basis for denying plaintiff's petition for writ of mandate. (*See* MTD, Ex. 1.) This tentative ruling specifically addressed and refuted each of plaintiff's arguments and, relying on specific statutory and case law, explained why plaintiff was not in lawful possession of the marijuana. (*See* MTD, Ex. 1.) ("In [*Chaves v. Superior Court* ], as here, petitioner's possession greatly exceeded the legal limit.") That tentative ruling was later adopted as the court's final decision. (*Id.*) As such, the court's ruling on the petition for writ of mandamus was supported by a written order setting forth the basis for its decision.

The cases cited by plaintiff in support of his assertion that the writing in this case was not sufficient are distinguishable. In *Gammoh*, the court did not attach preclusive effect to a minute order that summarily denied a writ petition for a preliminary injunction without explaining the basis for the ruling on the merits. *Gammoh*, 73 Cal.App.4th at 195, 86 Cal.Rptr.2d 194 ("We have never passed on the merits of Gammoh's argument; and Gammoh has a right to appeal from the final judgment in this case and receive a written statement of reasons for the court's decision"). Similarly, in *Hoversten v. Superior Court*, 74 Cal.App.4th 636, 88 Cal.Rptr.2d 197 (1999), the court declined to give preclusive effect to the summary denial of a writ decision that was not supported by any written explanation. However, unlike the facts of both *Gammoh* and *Hoversten*, in which the courts provided no basis for their rulings, the appellate division in this case issued a written tentative ruling that was later adopted, which adequately explained its basis for denying the petition.

Therefore, the appellate division's determination that plaintiff was not in lawful possession of the marijuana was final and on the merits.

### 4. Public Interest Exception

 Plaintiff next contends that, even if the previous decisions on the issue of lawful possession satisfy the elements of collateral estoppel, the "public interest requires that re-litigation [of the issue] not be foreclosed." (Opp'n at 6:25–27.) Specifically, plaintiff alleges that the public interest trumps the application of collateral estoppel in this case "[b]ecause the officer seizing the medical marijuana failed to retain the property and seek a court order before its destruction." (Opp'n at 8:13–15.)

 "[W]hen the issue is a question of law rather than of fact, the prior determination is not conclusive either if injustice would result or if the public interest requires that relitigation not be foreclosed." *Sacramento v. State of California,* 50 Cal.3d 51, 64, 266 Cal.Rptr. 139, 785 P.2d 522 (1990). Importantly, "[t]he public interest exception is an extremely narrow one." *Arcadia Unified Sch. Dist. v. State Dep't of Educ.,* 2 Cal.4th 251, 259, 5 Cal. Rptr.2d 545, 825 P.2d 438 (1992). Indeed, the California Supreme Court has emphasized the "it is the exception, not the rule, and is only to be applied in exceptional circumstances." *Id.* The public interest exception will only apply when the specific issue affects the public interest at large. *See e.g., id.* (holding that collateral estop-

pel does not bar relitigation of the validity of a public school's statutory authority to charge fees for pupil transportation); *Sacramento,* 50 Cal.3d 51, 266 Cal.Rptr. 139, 785 P.2d 522 (explaining that parties could relitigate whether the State was required to subvent costs incurred by local governments); *Kopp v. Fair Political Practices Comm'n,* 11 Cal.4th 607, 47 Cal.Rptr.2d 108, 905 P.2d 1248 (1995) (finding that the exception applied to allow relitigation of whether campaign financing provisions were constitutional or could be rewritten to be constitutional).

Here, the resolution of this matter does not entail the kind of broad sweeping policy matters in which courts will apply the narrow public interest exception to ensure those types of salient public matters receive sufficient judicial review. Rather, plaintiff's claim does not implicate the interest of the public at large in any regard—plaintiff's claim for conversion and unlawful detention is a private action for damages resting on allegations that his marijuana was improperly seized.[7] Therefore, California's public interest exception does not bar the application of collateral estoppel in this case.

### 5. Due Process

 Finally, plaintiff argues that the application of collateral estoppel in this case violates due process. (Opp'n at 8:16–9:5.) Specifically, plaintiff asserts: "it is clear that the plaintiff was given no notice, nor opportunity, to object to the seizure of his property by law enforcement officers."[8] (*Id.* at 8:26–27.)

---

7. Plaintiff alleges that the marijuana was illegally seized. However, plaintiff admits in his complaint that the Nevada County officials obtained a valid warrant prior to entering his property. (Opp'n at 2:9–12.) ("After due consideration of the affidavits and petition, the Court issued Search Warrant No. 2958 on September 14, 2009.").

8. The court notes that whether the seizure of plaintiff's contraband was consistent with due process is irrelevant to the determination of whether the court can apply collateral estoppel to determinations by the state court regarding whether plaintiff was in lawful possession of the marijuana. Nevertheless, the

The Due Process Clause requires notice and an opportunity for a hearing, appropriate to the nature of the case, before a person is deprived of life, liberty, or property. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Notice is required because "the right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Id.* at 314, 70 S.Ct. 652. The due process requirement of a hearing, does not, however, mean that in every civil case there must be a hearing on the merits. *See e.g., Boddie v. Connecticut,* 401 U.S. 371, 378, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). It is well recognized that the opportunity to be heard is one which must be granted "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

Here, plaintiff was provided sufficient notice and opportunity to litigate the question of whether he was in lawful possession of the marijuana. First, plaintiff filed the motion for return of the marijuana and was present in court, represented by his attorney, during the hearing on the motion. (*See* Opp'n, Ex. 1.) Second, plaintiff raised and argued the issue of lawful possession of the marijuana before the appellate division of the Nevada County Superior Court. Therefore, due process concerns cannot preclude the application of collateral estoppel in this case.

Plaintiff's claims for both unlawful detention and conversion require plaintiff to show that he was in lawful possession of the marijuana. *Moore v. Regents of Univ.*

*of Cal.,* 51 Cal.3d 120, 136, 271 Cal.Rptr. 146, 793 P.2d 479 (Cal.1990). Since two judges in two proceedings have conclusively determined that plaintiff was not in lawful possession of the marijuana, he is collaterally estopped from relitigating that issue in this case. Therefore, plaintiff cannot, as a matter of law, prevail on his claims for unlawful detention and conversion. Accordingly, defendants motion to dismiss plaintiff's first and sixth claims is GRANTED without leave to amend.

**B. Section 1983**

Defendants contend that plaintiff's complaint fails to allege facts sufficient to state a claim under Section 1983. Specifically, defendants contend that plaintiff's allegation that defendants "subjected [plaintiff] to insidious discrimination with reference to various rules, codes, procedures[,] policies, ordinances, and regulations of Nevada County" is insufficient to put defendants on notice of the factual basis of the claim against them.

Plaintiff's allegations amount to the kind of "unadorned, the defendant-unlawfully-harmed-me accusation" that Federal Rule of Civil Procedure 8(a) deems insufficient to state a viable claim for relief. *Iqbal,* 129 S.Ct. at 1949. Without stating specifically which "policies" defendants applied to plaintiff and the manner in which those policies were "discriminatorily applied," plaintiff's complaint fails to comply with the notice pleading requirements set forth in Federal Rule of Civil Procedure 8.

Therefore, defendant's motion to dismiss plaintiff's third claim for relief is GRANTED with leave to amend.[9]

court discusses due process for the sake of completeness.

9. Plaintiff's second claim for declaratory relief requires a sufficient showing that he has stated a viable claim under one of his afore-

mentioned theories of relief. Since the court grants defendants' motion to dismiss each of the underlying claims, the court does not reach the merits of plaintiff's second claim for declaratory relief. To the extent that plaintiff

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED:

1. Defendants' motion to dismiss plaintiff's first claim for relief for unlawful detention is GRANTED without leave to amend.

2. Defendants' motion to dismiss plaintiff's second claim for relief for declaratory relief is GRANTED with leave to amend.

3. Defendants' motion to dismiss plaintiff's third claim for relief for violation of the federal Equal Protection Clause is GRANTED with leave to amend.

4. Defendants' motion to dismiss plaintiff's sixth claim for relief for conversion is GRANTED without leave to amend.

Plaintiff is granted fifteen (15) days from the date of this order to file an amended complaint in accordance with this order. Defendants are granted thirty (30) days from the date of service of plaintiffs' first amended complaint to file a response thereto.

IT IS SO ORDERED.

can amend his third claim for relief under Section 1983 to state a viable claim, plaintiff may amend his claim for declaratory relief based on that violation.