NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BALUBHAI G. PATEL; APOLINAR
ARELLANO; ADELA ARELLANO;
CLAUDIA AYALA,

Plaintiffs - Appellants,

v.

CITY OF LOS ANGELES, a municipal
corporation; FELIPE HERNANDEZ,
individually and as City of Los Angeles
Housing Inspector,

Defendants - Appellees.

No. 12-56949

D.C. No. 2:12-cv-05945-R-RNB

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted February 9, 2015
Pasadena, California

Before:    **KOZINSKI**, **CHRISTEN** and **HURWITZ**, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court erred in staying plaintiffs' federal claims pursuant to the Pullman abstention doctrine.

"[W]e review de novo whether the requirements for Pullman abstention have been met." Smelt v. Cnty. of Orange, 447 F.3d 673, 678 (9th Cir. 2006). A district court may only invoke Pullman's "extraordinary and narrow exception to [its] duty" to exercise jurisdiction, Cnty. of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188 (1959), when a difficult constitutional question "plainly can be avoided [by] a definitive ruling on [a] state issue [that] would terminate the controversy," R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496, 498 (1941). Here, no state ruling would terminate—or even substantially narrow—any federal question presented. Even if a state court were to grant plaintiffs' request for administrative mandamus and reverse the council's permitting decision, plaintiffs' Fifth Amendment claim for damages based on the City's temporary taking would remain. See First English Evangelical Lutheran Church of Glendale v. Cnty. of Los Angeles, Cal., 482 U.S. 304, 319 (1987). Plaintiffs' Fair Housing Act, due process and Fourth Amendment claims would similarly be unaffected by the result of the mandamus action.

While the facts found in a state mandamus action may have issue preclusive effect in a subsequent federal proceeding, Mata v. City of Los Angeles, 24 Cal.

Rptr. 2d 314, 319 (Ct. App. 1993), that alone is insufficient to justify abstention.

Pullman abstention is not a mechanism to conveniently sequence federal and state

claims. It is appropriate only when abstention can "avoid resolving [a] federal

question by encouraging a state-law determination that may moot the federal

controversy." San Remo Hotel, L.P. v. City & Cnty. of San Francisco, Cal., 545

U.S. 323, 339 (2005) (emphasis added). Abstaining when a state law

determination merely has the potential to affect—rather than avoid—a federal

question transforms Pullman from an exception into a rule, effectively "impos[ing]

an exhaustion requirement not appropriate to 42 U.S.C. § 1983." Pearl Inv. Co. v.

City & Cnty. of San Francisco, 774 F.2d 1460, 1463 (9th Cir. 1985).

However, on remand, the district court need not exercise supplemental

jurisdiction over plaintiffs' petition for administrative mandamus. While federal

courts are permitted to "exercise supplemental jurisdiction over state law claims

for on-the-record review of administrative decisions," that "does not mean that

[such] jurisdiction must be exercised in all cases." City of Chicago v. Int'l Coll. of

Surgeons, 522 U.S. 156, 172 (1997). The district court may decline jurisdiction

over the administrative mandamus petition for "a number of valid reasons,"

including that it "raises a novel or complex issue of [s]tate law." Id. at 172–73

(internal quotation marks omitted).

Furthermore, if the district court declines supplemental jurisdiction, it may exercise its "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706–07 (1997). So long as the "competing interests which will be affected by the granting . . . [of] a stay" continue to favor its imposition, such a stay may be entered until Patel's mandamus petition has been resolved in state court. Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (internal quotation marks omitted); see also Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936).

**REVERSED and REMANDED.**